### 69660. VOWELL v. THE STATE.
#### (330 SE2d 167)

DEEN, Presiding Judge.

Appellant Vowell was convicted by a Douglas County jury of the offense of escape from lawful confinement. Evidence of an escape from Vowell's cell was discovered by jail personnel, and appellant and another escapee were apprehended in an Atlanta motel. Vowell contended at trial that he was coerced into escaping by the threats of a fellow escapee who had held a knife at his throat. On appeal Vowell enumerates as error the trial court's failure to instruct the jury on two points: (1) that the state had the burden of proving an absence of coercion, and (2) that the evidence of prior convictions introduced by the state should be considered only for the limited purpose of proving the element of lawful custody. *Held*:

1. Appellant contends that the court's failure to give a limiting instruction regarding the introduction of evidence of a prior conviction had the effect of impermissibly placing his character in issue. Scrutiny of the trial transcript reveals that after the jury had retired, when the court inquired if there were any exceptions to the jury instructions, defense counsel raised the enumeration listed as (1), supra, but that she neither objected to the court's failure to give a limiting instruction on the introduction of evidence of prior convictions, nor reserved the right to object. Appellant thus waived the right to raise this issue on appeal, and this court cannot address this enumeration. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980); *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979); *Fields v. State*, 167 Ga. App. 400, 402 (306 SE2d 695) (1983). See also *Pulliam v. State*, 236 Ga. 460 (224 SE2d 8) (1976); *Kingston v. State*, 127 Ga. App. 660 (194 SE2d 675) (1972). Even had defense counsel properly preserved this as error for appeal, however, it was necessary for the state to introduce evidence of a prior conviction in order to prove the elements of the offense of escape. OCGA § 16-10-52; *Ingram v. State*, 237 Ga. 613 (229 SE2d 416) (1976). Even though such evidence may incidentally place the defendant's character in issue, it is well settled that competent evidence is admissible which only incidentally places character in issue. *Wyatt v. State*, 206 Ga. 613 (57 SE2d 914) (1950). See also *Pope v. State*, 170 Ga. App. 799 (318 SE2d 223) (1984).

2. The trial transcript indicates that although there was no specific jury instruction regarding the state's burden of proving absence of coercion, the court thoroughly instructed the jury as to presump-

tion of innocence and burden of proof in general. Appellant offered no evidence to corroborate his own testimony that he had been coerced into escaping. On the other hand, there was considerable evidence — e.g., the fact that appellant had had no cellmate from the time that he was initially jailed until the time of the escape, and the further evidence of the discovery, by jail officials acting on information, of a sheet rope concealed amidst his bedding — from which reasonable jurors might have concluded that he had not been subjected to coercion in either the planning or the execution of the escape.

Moreover, coercion is no defense where there is any reasonable way available for the escapee to avoid fruition of the threat of harm. *Proctor v. State*, 139 Ga. App. 794 (229 SE2d 675) (1976). Jail personnel testified that it was generally known among the inmate population that prisoners would be protected from fulfillment of such threats if protection were sought from jail officials. Whether any reasonable way of evading the effect of a threat of harm is available in a given situation is a matter for jury determination. Id. In the instant case the testimony of jail personnel was sufficient evidence to authorize the jury to conclude that a reasonable means of avoiding the consequences of the alleged threats was available to appellant.

We find that under the reasonable trier of fact standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient to authorize a jury finding that appellant was guilty as charged beyond a reasonable doubt. *Rachel v. State*, 247 Ga. 130 (274 SE2d 475) (1981); *Drayton v. State*, 157 Ga. App. 872 (278 SE2d 758) (1981).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 1, 1985.

*B. Keith Rollins, Lisa A. Brown*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.