## 77654. LANCASTER v. THE STATE.
(375 SE2d 281)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offenses of driving under the influence ("DUI") and driving while license suspended. Held:

1. The prosecution of defendant arose following the discovery of defendant's pickup truck overturned in a ditch on U. S. 29. The Georgia State Patrol trooper located defendant in an ambulance which had picked him up on a street which intersected with U. S. 29 about 200 feet from the scene of the wreck.

Defendant contends that there was insufficient evidence that he was driving the vehicle on the night in question. However, the trooper testified, without objection, that based on his investigation of the wreck, he was able to determine that defendant was driving the vehicle. Based on this evidence combined with evidence of defendant's suspended driver's license and blood alcohol content, we hold that a rational trier of fact could reasonably have found defendant guilty beyond a reasonable doubt of the offenses charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); Cameron v. State, 187 Ga. App. 562 (3) (370 SE2d 812).

2. During the State's direct examination of the prosecuting officer, a State trooper, testimony was elicited that at the time of the events at issue defendant's driver's license was suspended. The solicitor then asked: "Do you know why the driver's license was suspended?" The witness answered: "Yes, sir. DUI suspension." Defense counsel then objected and moved for a mistrial based on the introduction of evidence of a prior conviction. Defendant enumerates as error, the denial of his motion for mistrial.

The testimony identified the defendant as having a prior record of a criminal offense, thereby placing defendant's character in issue. Stanley v. State, 250 Ga. 3 (1), 4 (295 SE2d 315). Defendant had not placed his general character in issue, therefore, the proof of defendant's prior offense was not admissible unless offered for some proper purpose. Jones v. State, 257 Ga. 753, 757 (363 SE2d 529). We find no proper purpose for the admission of the evidence at issue. While, at trial, the solicitor argued that the basis for the suspension of defend-

ant's license was relevant to the issue of whether defendant was guilty of the offense of driving while license suspended, we cannot agree. Once the fact of the suspension and its effective date were proven, evidence as to the reason for the suspension added nothing and served only to prejudice defendant. See OCGA § 40-5-121 (a). This is not a case where it was necessary for the State to introduce evidence of a prior offense in order to prove the elements of the offense charged. Compare *Vowell v. State*, 174 Ga. App. 426 (330 SE2d 167). Since the testimony improperly placed defendant's character in issue and no remedial action was taken in response to defendant's motion for mistrial, we must conclude that the trial court abused its discretion. *Jones v. State*, 257 Ga. 753, 760 (2), supra. Compare *Stanley v. State*, 250 Ga. 3, 4 (2), supra.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 3, 1988.

*Kenneth L. Gordon*, for appellant.
*Daniel W. Lee, Solicitor*, for appellee.