A90A0063. JARRARD v. THE STATE.
(394 SE2d 555)

SOGNIER, Judge.

James Casper Jarrard was convicted by a Clayton County jury of operating a motor vehicle after being declared a habitual violator, and he appeals from the judgment entered thereon.

1. Appellant contends the trial court erred by denying his motion for directed verdict. He maintains that because the State issues a driver's license for operation of a motor vehicle "upon a highway in this state," OCGA § 40-5-20 (a), and because the statutory provisions concerning license revocation refer to "public highways," OCGA §§ 40-5-1 (10); 40-5-121 (a), he cannot be convicted of the charged crime because the evidence showed that he was arrested while driving on a private road inside a private mobile home park.

We do not agree. OCGA § 40-5-58 (c), the provision under which appellant was convicted, proscribes the operation of "any motor vehicle in this state" by one whose license has been revoked after being declared a habitual violator. Even assuming, without deciding, that the road on which appellant was driving was a private thoroughfare, the statute at issue evinces a clear legislative intent to prohibit a person who has been declared a habitual violator and whose license has been revoked from operating a vehicle *anywhere* in the State. See *Cook v. State*, 220 Ga. 463, 464 (1) (139 SE2d 383) (1964). We find applicable the reasoning employed by the Supreme Court in *Cook* in interpreting similar language in a predecessor to the DUI statute, OCGA § 40-6-391 (a conviction under which can lead to habitual violator status under OCGA § 40-5-58 (a)), to preclude driving under the influence of alcohol on public or private property. "The present widespread use of motor vehicles, and the use of extensive private prop-

erty for shopping centers and other purposes, with intricate mazes of roadways and driveways, indicate the need for protection to the public from [habitual violators] on places other than public streets and highways." *Cook*, supra. Further, as OCGA § 40-5-20 (d) provides that "[a]ny person licensed as a driver . . . may exercise the privilege thereby granted upon all streets and highways in this state," we find no inconsistency between the statutory scheme governing licensing and OCGA § 40-5-58 (c).

To the extent that appellant's brief presents a constitutional challenge to OCGA § 40-5-58 (c), appellant's failure to raise that argument below precludes its consideration on appeal. *Moore v. State*, 194 Ga. 672 (22 SE 510) (1942); *Iglesias v. State*, 191 Ga. App. 403, 404 (381 SE2d 604) (1989).

2. Because we have rejected appellant's contention that OCGA § 40-5-58 (c) applies only to public highways, there is no merit in his second enumeration concerning the trial court's failure to charge on his defense of operation of a vehicle on a private road.

3. Appellant also challenges the court's admission of evidence concerning his driving history other than evidence of his status as a habitual violator and his two prior convictions for violation of OCGA § 40-5-58 (c). The State introduced, over objection, the notice of revocation sent to appellant, to which was attached his entire driving history (exhibit 1), and two prior habitual violator convictions (exhibits 2 and 3). Each exhibit contained evidence of prior DUI convictions, and exhibit 2 also included a conviction for public indecency. The trial court rejected appellant's objections to the admission of the public indecency and DUI convictions, reasoning that the habitual violator charge itself placed appellant's character in issue.

We disagree. A defendant's character is put in issue "[not] by inadvertence, but by design." *Jones v. State*, 257 Ga. 753, 758 (363 SE2d 529) (1988). " '[T]he general character of the defendant . . . is irrelevant unless the defendant *chooses* to put his character in issue.' . . . [O]nly where the defendant makes an election to place his good character in issue may the State offer evidence of the defendant's general bad character or his prior convictions. . . ." Id. (Footnote omitted.) Given that appellant offered no evidence of his general reputation or character, we find he did not place his character in issue so as to authorize the admission of prior convictions. See id; see also *Lancaster v. State*, 189 Ga. App. 149 (2) (375 SE2d 281) (1988).

Upon careful review of the trial transcript, we find no other basis, as set forth in *Jones*, supra at 759, for admission of the prior offenses of public indecency and DUI. Appellant did not testify at trial, and the convictions at issue were unrelated and irrelevant to the charged crime. See *Hurston v. State*, 189 Ga. App. 748, 750 (3) (377 SE2d 519) (1989). There is no question that the public indecency conviction was

not relevant to any aspect of the State's case. As to the prior DUI convictions, while there were DUI offenses underlying the habitual violator determination, see OCGA § 40-5-58 (a), proof of those prior convictions was not an essential element of the State's case, *Smith v. State*, 248 Ga. 828, 830 (3) (286 SE2d 709) (1982), and thus evidence of the DUI offenses was not admissible for that purpose. *Lancaster*, supra at 150. Moreover, although the notice of revocation, which was an essential element of the State's proof, listed the underlying DUI violations, material contained in the driving record other than the declaration of habitual violator status and the notice given thereunder is irrelevant to the State's case, and accordingly proof of making and receipt of the notice could have been accomplished without prejudice to appellant's rights under OCGA § 24-9-20 (b) by redaction of the inadmissible information. *Harper v. State*, 175 Ga. App. 703 (334 SE2d 30) (1985). (We note that *Harper* was decided before *Jones*, supra, and no issue involving OCGA § 24-9-20 was raised therein.)

Because we find no proper purpose for admission of the public indecency and DUI convictions, we conclude this error requires reversal of the judgment. *Hurston*, supra at 751 (3); *Lancaster*, supra at 150.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 30, 1990 —
REHEARING DENIED MAY 22, 1990 — ■■■■■■■

*Lillian L. Neal*, for appellant.
*Robert E. Keller, District Attorney, Tracy G. Gladden, Clifford A. Sticher, Assistant District Attorneys*, for appellee.