A91A1372. CHAPMAN v. THE STATE.
(414 SE2d 240)

McMURRAY, Presiding Judge.

Defendant Chapman appeals his conviction of the offense of aggravated assault. *Held*:

1. Defendant's first enumeration of error questions the sufficiency of the evidence to authorize his conviction. The evidence, viewed in the light most favorable to the verdict, shows that the victim's wife was driving the victim home when a white van pulled up extremely close behind them. The van followed closely for a distance flashing its lights and sounding its horn. When the vehicle in which the victim was a passenger stopped for a red light, the van pulled alongside. Defendant cursed and threatened the victim, invited the victim to get out of his automobile, and pointed a handgun at the victim from a distance of only one foot. The victim testified that he was scared and thought the defendant was going to shoot him. The victim remained in his automobile and the defendant, after pulling on the handle of the victim's automobile door, slammed the door of the van against the victim's automobile five or six times. When the light changed, the

white van again followed the victim's automobile. The victim and his wife found a police officer at a nearby convenience store and reported the incident to the officer and pointed out the van. The officer followed the van and pulled it over. As defendant stepped from the van, he immediately volunteered that "they ran me off the road." There was also evidence that the victim's automobile was pulled alongside the van and that damage on the two vehicles was consistent with the victim's account of the incident.

Defendant denied striking the victim's vehicle or pointing a gun. No gun was found in defendant's possession. The defendant and his female companion testified that he did not have a gun while the victim and his wife testified as to defendant's pointing the gun at the victim.

The resolution of conflicts in the evidence is a matter for the jury. *McClendon v. State*, 187 Ga. App. 666, 668 (371 SE2d 139). A rational trier of fact could reasonably have found from the evidence adduced at trial proof of the defendant's guilt beyond a reasonable doubt. *Lewis v. State*, 198 Ga. App. 808, 810 (7) (403 SE2d 233).

2. Pursuant to OCGA § 5-6-41, the trial transcript was supplemented to show that "during the closing agreement [sic] of the state, the Prosecutor stated to the jury that the Defendant stated that you heard the officer testify that the Defendant stated that he was not driving because he had a suspended driver's license. . . . That the Defense attorney objected to the statement during closing and moved the court for a mistrial. . . . That the motion for Mistrial was denied. . . . That no curative instructions were asked for. . . . That the motion for Mistrial was renewed at the conclusion of the charge of the Court." The renewal of the motion for mistrial reveals that the basis of defendant's motion was that the prosecutor's statement improperly placed his character in evidence. While the trial court's ruling and following colloquy shows that the prosecutor and trial court believed that the statement made by the prosecutor reflected the testimony given by the officer, such was not correct. The officer's testimony only shows that defendant stated he did not have a driver's license.

Although no specific crime is associated with the statement regarding the suspension of defendant's driver's license, the reference to the suspension is alone sufficient to identify the defendant as having a prior record of criminal offenses. OCGA § 40-5-50 et seq. *Stanley v. State*, 250 Ga. 3 (1), 4 (295 SE2d 315). Compare *Lancaster v. State*, 189 Ga. App. 149 (2) (375 SE2d 281). "[W]here the defendant had not placed his general character in issue, proof of prior offenses or convictions was not admissible unless offered for some proper purpose. . . ." *Jones v. State*, 257 Ga. 753, 754 (1), 757 (363 SE2d 529). The information contained in the prosecutor's argument was not admitted into evidence and there was no proper purpose for the admis-

sion of such information. Since the statement improperly placed defendant's character in issue and no remedial action was taken in response to defendant's motion for mistrial, we must conclude that the trial court abused its discretion. *Jones v. State*, 257 Ga. 753, 760 (2), supra; *Lancaster v. State*, 189 Ga. App. 149 (2), supra.

*Judgment reversed. Sognier, C. J., Birdsong, P. J., Carley, P. J., Pope and Cooper, JJ., concur. Andrews, J., concurs in part and dissents in part. Beasley, J., concurs in the result of the dissent as to Division 2.*

ANDREWS, Judge, concurring in part and dissenting in part.

While I concur fully in Division 1 of the majority opinion, I must respectfully dissent as to Division 2 because I do not believe the objected-to reference placed the defendant's character in issue. *Richardson v. State*, 199 Ga. App. 10, 12 (403 SE2d 877) (1991) (Andrews, J., dissenting). Even if it could be said to have done so, I do not believe the statement merited a mistrial.

While defendant did not tell the officer, as erroneously stated by the prosecutor in the closing argument, that his license was suspended, he did say that he did not have a driver's license. The majority's assumption that the only reason for suspending or revoking a driver's license relates to criminal wrongdoing is inaccurate. A person may be incapacitated by reason of disease, mental or physical disability to a degree making them incompetent to drive without any criminal connotations. OCGA § 40-5-57 (a) (2). (Now codified as OCGA § 40-5-59 (b), effective Jan. 1, 1991.)

There was no "placing in evidence" of the character of the accused since the incorrect statement was made as a part of the prosecutor's closing argument, which, as the jury was correctly instructed, is not evidence. The only violation would have been of OCGA § 17-8-75. As acknowledged by defendant, there was no objection made which would have necessitated a rebuke of counsel and instructions to the jury. He instead sought to have a mistrial granted and contends here that failure to grant it was an abuse of discretion. As acknowledged by the majority, both the court and the prosecutor were under the misimpression that "suspension" had been mentioned in evidence.

In addition, even if suspension of a license had been in evidence, there was nothing to indicate that the reason for suspension, if a result of a criminal prosecution, was anything other than an ordinary misdeameanor traffic violation, not resulting in imprisonment upon conviction or involving "moral turpitude," as required to place one's character in evidence. *Jones v. State*, 257 Ga. 753, 755 (1) (363 SE2d 529) (1988); *Franklin v. State*, 251 Ga. 77, 81 (303 SE2d 22) (1983); *Giles v. State*, 71 Ga. App. 736, 740 (c) (32 SE2d 111) (1944).

I do not believe the statement was so prejudicial as to require a

mistrial. *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315) (1982); *Garner v. State*, 199 Ga. App. 468 (405 SE2d 299) (1991).

DECIDED OCTOBER 9, 1991 —
RECONSIDERATION DENIED DECEMBER 17, 1991.

*Warren A. Sellers, John A. Beall IV*, for appellant.
*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney*, for appellee.