A92A0977. CURRY v. THE STATE.
(425 SE2d 389)

ANDREWS, Judge.

Curry was charged with operating a vehicle as an habitual violator, the case was tried to a jury, he was convicted and appeals. Viewing the evidence in the light most favorable to the verdict, the evidence was that Curry operated a vehicle on May 25, 1991, after having been notified of his status as an habitual violator on October 27, 1990. Curry testified at trial and denied that he was driving the vehicle on the alleged date, claiming that his nephew was driving.

In his sole enumeration of error, Curry claims that the trial court erred in allowing into evidence a letter delivered to him on October 25, 1990, from the Georgia Department of Public Safety which declared him to be an habitual violator based on the three offenses listed in the letter. The three other offenses referenced in the letter were a November 27, 1989 conviction for driving under the influence on October 29, 1989; an April 24, 1989 conviction for leaving the scene of an accident on April 1, 1989; and a July 9, 1990 conviction for driving with a suspended or revoked license on June 30, 1990. Curry claims that the reference to the other offenses should have been redacted from the letter prior to its introduction into evidence and that the failure to do so improperly placed his character into issue.

Citing *Jarrard v. State*, 195 Ga. App. 704 (3) (394 SE2d 555) (1990), Curry argues that the trial court's failure to delete reference to the other charges from the record requires reversal. In *Jarrard*, supra, defendant was convicted for operating a motor vehicle after being declared an habitual violator. Jarrard appealed, claiming that the trial court erred by allowing into evidence his entire driving history, two prior habitual violator convictions, and a conviction for public indecency. In *Jarrard*, supra, this court held that the introduction of this evidence constituted reversible error, reasoning that proof of the underlying habitual violator status as required under OCGA § 40-5-58 (a) was sufficient and that allowing the additional evidence constituted harmful error. *Jarrard* held that the introduction of convictions which were *extraneous* to the conviction for habitual violator mandated reversal. See generally *Smith v. State*, 248 Ga. 828, 830 (3) (286 SE2d 709) (1982); *Lancaster v. State*, 189 Ga. App. 149 (375 SE2d 281) (1988).

Although, as in *Jarrard*, we agree that redaction of the information is the better practice, we do not believe that the court's failure to do so in the instant case constituted harmful error. Compare *Lancaster*, supra. The jury was properly instructed regarding the definition of an habitual violator offense, which definition includes three or more previous convictions. Further, the contested issue between the parties in this case was whether Curry was driving on the particular date; there was no dispute as to his status as an habitual offender. "Under the circumstances, '(w)e fail to see how defendant could have been prejudiced by the admission of [this information]. The relevant evidence of him being an habitual violator . . . was undisputed and conclusive.'" *Harper v. State*, 175 Ga. App. 703 (334 SE2d 30) (1985).

"The contention that 'listing . . . prior traffic convictions in an habitual offender case improperly places the recipient's character into issue has . . . been considered and rejected by this court . . . as being nothing more than harmless error.' [Cit.] Applying the high probability test for harmless error, [cit.], to the entire circumstances

before us, we find that assuming error did occur, it was harmless. There exists a 'high probability' that this alleged error did *not* contribute to the jury's verdict of guilty as to [the count on] which appellant was convicted." *Lance v. State*, 191 Ga. App. 701, 704 (4) (382 SE2d 726) (1989).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 18, 1992.

*L. Clark Landrum*, for appellant.
*David E. Perry, District Attorney, Melinda I. Ryals, Assistant District Attorney*, for appellee.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*