S93G1740. RAGAN v. THE STATE.
(442 SE2d 750)

FLETCHER, Justice.

Clyde Ragan was convicted of one count of operating a motor vehicle after being declared an habitual violator under OCGA § 40-5-58 (c), one count of driving under the influence, and one count of driving without proof of insurance. The Court of Appeals affirmed his convictions in *Ragan v. State,* 209 Ga. App. XXVIII (1993) (unpublished), and we granted certiorari to determine whether the admission of Ragan's entire driving record when only a portion of the driving record is admissible is reversible error. We hold that it is and reverse.

---

Ragan's sole enumeration of error is that the court erred in admitting in evidence over proper objection his entire driving record which consisted of approximately fourteen pages of traffic offenses spanning a fifteen-year period, including four prior convictions for driving under the influence.[1] The State contends that the entire driving record, or at least a major portion of the driving record, was admissible to establish the essential elements of the offense of operating a motor vehicle after being declared an habitual violator. The only element of the offenses disputed by Ragan at trial was whether he was driving the vehicle.

1. In a prosecution under OCGA § 40-5-58 (c), the State must prove the defendant was declared an habitual violator, his license was revoked, he received notice that his license was revoked because of his status as an habitual violator, and he operated or was in control of a motor vehicle in the state without a valid driver's or probationary license.[2] The State argues that the entire driving record was necessary to prove that Ragan was driving without a valid driver's license by proving that Ragan had not been issued a new driver's license or a probationary license pursuant to OCGA § 40-5-58 (e) after he was declared an habitual violator and his license revoked. We agree with the State that those portions of the driving record evidencing that Ragan had been declared an habitual violator, that he received notice of his status as an habitual violator and his license had been revoked, and that he had not been granted a valid driver's or probationary license as of the date of the offense for which he was charged may be admissible to prove essential elements of the crime proscribed by § 40-5-58 (c).[3] See *Key v. State*, 166 Ga. App. 546 (305 SE2d 20) (1983); OCGA § 40-5-2 (f). Contrary to the State's assertions, however, the entire driving record, and especially that portion listing Ragan's numerous prior offenses, was immaterial to the offenses for which he was

---

[1] Ragan objected to the admission of the entire driving record on the grounds that such evidence was irrelevant, highly prejudicial, and improperly placed his character in issue.

[2] Clearly, Ragan's driving record is not admissible to prove that he was an unlicensed habitual violator in that the offense is predicated upon his having operated a motor vehicle *after* being declared an habitual violator, *Weaver v. State*, 242 Ga. 8, 9 (247 SE2d 749) (1978), and the State, therefore, is not required to prove the previous offenses which caused him to be declared an habitual violator, *Hester v. State*, 159 Ga. App. 642, 643-644 (2) (284 SE2d 659) (1981).

[3] We note that the essential elements of the crime proscribed by OCGA § 40-5-58 (c) may oftentimes be proved through the admission of other documents. When such other documents are admitted, the court must in its discretion determine whether the admission of even relevant portions of a defendant's driving record is merely cumulative. Similarly, proof of notice and receipt of notice of revocation of a defendant's driver's license and declaration as an habitual violator may be accomplished without error or prejudice by redacting any inadmissible portions of the driving record. *Jarrard v. State*, 195 Ga. App. 704 (3) (394 SE2d 555) (1990).

charged.[4] This conclusion is consistent with the long line of Court of Appeals' decisions addressing the issue. See *Kirkland v. State*, 206 Ga. App. 27 (424 SE2d 638) (1992); *Milner v. State*, 191 Ga. App. 726 (382 SE2d 666) (1989); *Hester v. State*, 159 Ga. App. 642, 643-644 (2) (284 SE2d 659) (1981); *Harper v. State*, 175 Ga. App. 703 (334 SE2d 30) (1985); *Key*, supra; *Beasley v. State*, 157 Ga. App. 94 (276 SE2d 144) (1981).

2. Alternatively, the State argues that all but one of the prior offenses listed in the driving record is admissible in connection with the charged DUI offense as evidence of "independent offenses or acts." This argument also fails. Uniform Superior Court Rule 31.1 requires the State to provide a defendant with notice of its intent to introduce evidence of independent offenses or acts at least ten days before trial, *Loggins v. State*, 260 Ga. 1, 2 (388 SE2d 675) (1990), and before such evidence is admitted in evidence, a hearing must be held at which the state is required to make affirmative showings establishing the admissibility of the independent offense evidence. USCR 31.3; *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Here, the State did not provide the required notice and did not make any showing of the required connection between the independent offenses and the charged DUI or habitual violator offenses.

3. Although portions of the driving record were admitted in error, their admission constitutes reversible error only if prejudice also appears. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976); *Wood v. State*, 243 Ga. 273 (5) (253 SE2d 751) (1979). In addressing this issue, the Court of Appeals has consistently ruled that the admission in evidence of a defendant's entire driving record, although portions are immaterial, is not reversible error. See *Milner*, 191 Ga. App. 726; *Hester*, supra; *Harper*, supra; *Key*, supra; *Beasley*, supra; but see *Jarrard v. State*, 195 Ga. App. 704 (3) (394 SE2d 555) (1990) (admission of entire driving record was reversible error); *Kirkland*, supra at 33 ("We will not hesitate to reverse convictions where the admission of a defendant's entire driving record is prejudicial and not clearly harmless."). In all but a few of these cases, the court found no prejudicial error because the evidence establishing the essential elements of the offense of operating a motor vehicle after being declared an habitual violator was undisputed or the weight of the evidence overwhelming. The proper test to determine whether error is harmless is not whether there is sufficient other evidence to convict but whether "it is highly

---

[4] Evidence of prior crimes committed by a defendant is also inadmissible "unless and until the defendant shall have first put his character in issue." OCGA § 24-9-20 (b). There is no evidence that Ragan put his character in issue so as to authorize the admission of his prior convictions and the entire driving record was not, therefore, admissible for the purpose of proving his general reputation or bad character.

probable that the error did not contribute to the judgment." *Johnson,* supra at 61. After reviewing the evidence and considering the inherently prejudicial character of evidence of prior crimes, we cannot say that the introduction of Ragan's entire driving record, including evidence of his prior convictions, did not contribute to the verdict. Under these facts, such evidence was irrelevant and immaterial and served no purpose other than to unduly prejudice the jury against him. Accordingly, Ragan's convictions on all three counts must be reversed.

*Judgment reversed. Benham, P. J., Sears-Collins, Hunstein, Carley, JJ., and Judge E. Purnell Davis II concur; Hunt, C. J., concurs in the judgment only. Thompson, J., disqualified.*

DECIDED MAY 16, 1994.

*D. Wayne Rogers,* for appellant.

*Joseph H. Briley, District Attorney, A. C. Martinez, Jr., Assistant District Attorney,* for appellee.