A95A2362. STEWART v. THE STATE.
(469 SE2d 424)

RUFFIN, Judge.

James Stewart was convicted of driving with an unlawful blood alcohol level and driving after being declared an habitual violator. At trial, Officer Tommy Harrison testified that he was at the scene of an automobile accident when Stewart approached in his car. Because Harrison had previously seen Stewart in court and knew Stewart did not have a driver's license, he stopped him and asked to see his license. When Stewart told Harrison that he did not have a license, Harrison smelled alcohol on his breath. After Stewart took a breath test, Harrison arrested him for driving under the influence of alcohol.

1. Stewart contends the trial court erred in denying his motion to dismiss the two counts against him because Officer Harrison lacked probable cause to stop his car. Stewart argues that Harrison had only a "hunch" that he did not have a license, and a hunch is insufficient to authorize such a stop. We do not agree that a police officer who has previously encountered a defendant in court and therefore knows the individual does not have a driver's license is acting on a mere "hunch." Rather, the officer has knowledge of a specific, articulable fact sufficient to give rise to a reasonable suspicion that the individual was engaged in criminal conduct. See *Lovell v. State*, 178 Ga. App. 366 (1) (343 SE2d 414) (1986); *Evans v. State*, 216 Ga. App. 21 (2) (453 SE2d 100) (1995). Accordingly, Harrison was authorized to stop Stewart, and the court did not err in denying Stewart's motion to dismiss on this ground.

2. Stewart also contends the court erred in admitting the notice Stewart received from the Department of Public Safety which declared him an habitual violator and revoked his driver's license because the previous violations listed on the notice were not redacted. As in *Curry v. State*, 206 Ga. App. 350 (425 SE2d 389) (1992), we believe that although the better practice may be to redact such information, the court's failure to do so in this case was not harmful error.

Like *Curry*, the court in this case properly instructed the jury on

the definition of an habitual violator, which put them on notice that such status was the result of previous convictions. Similarly, Stewart did not contest that he was an habitual violator; rather, his defense was that Officer Harrison lacked probable cause to arrest him. "Under the circumstances, we fail to see how [Stewart] could have been prejudiced by the admission of this information." (Citations and punctuation omitted.) Id. at 351. Thus, assuming it was error to admit the unredacted notice, such error was harmless because it is highly probable that it did not contribute to the jury's verdict. Id. at 352.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 21, 1996.

*Cramer & Peavy, Timothy C. Cramer*, for appellant.
*William T. McBroom, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.