A96A0178. BRAY v. THE STATE.
(471 SE2d 17)

ANDREWS, Judge.

The sole issue raised on this appeal is whether the trial court erred in admitting into evidence those portions of Jeffrey Lynn Bray's driving record listing his prior offenses. Bray was charged with DUI and driving after being declared an habitual violator. At trial, the

court overruled his objection to the introduction of that portion of his driving record which listed his prior offenses. In the order on the motion for new trial, the trial court held that the error, if any, was harmless because the court set aside the DUI conviction and the error did not contribute to the judgment on the habitual violator offense. We disagree and reverse.

The evidence at trial was that Bray knocked on the door of Leroy Mann's house on the evening of February 3, 1992, and said his car was in a ditch and asked to use the telephone. Mann testified that Bray was slurring his words and seemed unsteady on his feet. The officer who responded to the call testified that Bray told him he was turning around in a driveway and backed into the ditch.

Bray testified in his own defense, and while he admitted he was drunk the night of the accident, he claimed he was not driving the car. He stated that his girl friend, April, was driving and, after she backed into the ditch, she became extremely angry and left the scene. Bray said he was unable to locate his girl friend after the accident. A friend of Bray's also testified that she had been with Bray earlier in the evening and, when she last saw him, he and April were in April's car and April was driving.

The case went to the jury, and at one point during their deliberations, they asked the court: "relating to the second count,[1] can we and do we consider evidence related to habitual offender as pertinent to the second count as well or not?" The court replied to the effect that they were to take all the evidence before them and apply it to each count.

The jury returned a verdict of guilty on both counts. But, the trial court later vacated the sentence on Count 2, DUI, out of concern that the jury may have considered the prior convictions for DUI in Bray's driving record as evidence of guilt in this case, in violation of Uniform Superior Court Rule 31.3. The court rejected Bray's claim that admitting the evidence of prior offenses also constituted harmful error in the habitual violator conviction.

The admissibility of that portion of the driving record which lists prior offenses is controlled by *Ragan v. State*, 264 Ga. 190 (442 SE2d 750) (1994). Contrary to the State's assertion, *Ragan* holds that "the entire driving record, and *especially that portion listing Ragan's numerous prior offenses,* was immaterial to the offenses for which he was charged." (Emphasis supplied.) Id. at 191-192. Therefore, we find the trial court erred in allowing these prior offenses into evidence.

The inquiry then becomes whether the error was harmless. The

---

[1] Count 1 of the indictment charged Bray with driving after being declared an habitual violator; Count 2 charged Bray with DUI.

test for determining harmless error is whether "it is highly probable that the error did not contribute to the judgment." (Citation and punctuation omitted.) Id. at 193.

In *Ragan*, the Supreme Court found the admission of the prior offenses to be "inherently prejudicial" and held that it could have "served no purpose other than to unduly prejudice the jury" and reversed Ragan's conviction on all counts. *Ragan*, supra at 193. In the instant case, a list of six offenses, four DUIs, driving with a suspended or revoked license, and felony with a vehicle were erroneously admitted into evidence. Because we do not find it is highly probable that this error did not contribute to the judgment, and in light of the Supreme Court's directive in *Ragan*, we find the admission of the prior offenses in Bray's driving record to be harmful error and reverse the conviction.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 15, 1996 —
RECONSIDERATION DENIED MAY 2, 1996 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Bischoff & White, James E. Bischoff, Lloyd W. Walker*, for appellant.

*Bill McBroom, District Attorney, Michael G. Webb, Randall K. Coggin, Assistant District Attorneys*, for appellee.