## A00A0950. VEASEY v. THE STATE.
### (534 SE2d 129)

PHIPPS, Judge.

In 1993, Angelo Veasey was convicted of the felony theft by shoplifting of two black scarf valances from a Linens 'N Things retail store. He was sentenced as a recidivist based on three prior felony

convictions, including two for theft by shoplifting. This is his out-of-time appeal.

The State's evidence showed that Veasey and his co-defendant, Antonio Whitt,[1] appeared at the store seeking to exchange ticketed merchandise for which they had no receipt. They shopped for thirty minutes to one hour. Store manager Mitchell was working in the front area of the store near the cash registers. Her suspicions were aroused because both Veasey and Whitt were wearing long coats on a very warm day, they refused shopping assistance offered by store personnel, and the merchandise they were exchanging came from a store located about 60 miles away. When asked to describe the layout of the store, Mitchell testified that there is a main aisle where draperies are located and a side aisle where comforters can be found.

Assistant store manager Wilkes testified that she was in the comforter aisle and Veasey and Whitt were in the drapery aisle about 20 feet away, when she observed Whitt holding the valances. She walked in his direction. Whitt moved very quickly down the aisle as he saw her coming, and Veasey moved between Wilkes and Whitt, facing Whitt's back. Although Veasey thereby partially obstructed Wilkes's view of Whitt, she could tell that Whitt was moving his coat back and forth. As Wilkes approached Veasey and Whitt, they turned and walked down the aisle directly to the front of the store. The two valances were missing from the aisle. As Whitt stood at the register, Mitchell, who had been apprised of Whitt's suspicious activities by other store employees, intentionally brushed up against his back and felt something under his coat which she believed to be the two valances. After Veasey and Whitt left the store, Mitchell and Wilkes observed the tag number of the car Veasey was driving and called 911. Police stopped the car and found the valances under the passenger seat. At trial, Veasey denied seeing Whitt conceal any merchandise while at the store.

1. Veasey challenges the sufficiency of the evidence to support his conviction.

In pertinent part, OCGA § 16-8-14 (a) (1) states that:

> [a] person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same . . . [,] [c]onceals . . . the goods or merchandise of any store or retail establishment.

"A person who intentionally aids and abets in the commission of

---

[1] Whitt's conviction of the crime charged was affirmed in *Whitt v. State*, 215 Ga. App. 704 (452 SE2d 125) (1994).

shoplifting is a party thereto and may be convicted of shoplifting. [Cit.]"[2]

While mere presence at the scene of a crime is not enough evidence to sustain a conviction, conduct surrounding the events is a circumstance from which criminal intent can be inferred.[3] The evidence supports findings that Whitt concealed the valances inside his coat to appropriate them to his own use without paying for them, that Veasey necessarily would have observed Whitt's actions in the position he occupied, and that Veasey put himself in that position to obstruct the assistant store manager's view of Whitt. Viewed in a light most favorable to support the verdict, the evidence authorized a rational trier of fact to conclude beyond a reasonable doubt that Veasey acted in concert with Whitt to commit theft by shoplifting.

2. Veasey contends that the trial court abused its discretion by sua sponte prohibiting defense counsel from using a diagram to aid in his cross-examination of Mitchell.

At the start of his cross-examination of Mitchell, Veasey's attorney asked her to draw a diagram showing the internal layout of the store. When the court asked how the diagram would be relevant, counsel responded that he was attempting to establish that Mitchell did not see, and could not have seen, Veasey shoplifting. The court instructed counsel to proceed by questioning the witness. For various reasons, we find no abuse of discretion.

To begin, Mitchell never claimed that she saw Veasey shoplift or aid Whitt in shoplifting. Consequently, whether Veasey was within Mitchell's view was not material. Moreover, through questioning, counsel elicited testimony from Mitchell showing the positioning and height of fixtures and shelves located throughout the store, as well as the visibility between various areas of the store. It does not appear that counsel's cross-examination of the witness was hampered by the limitation imposed on his mode of examination.

3. Veasey's contention that the court made an improper comment on the evidence in the colloquy between the court and counsel concerning use of the diagram has been waived, as Veasey's counsel did not object to the comment at trial.[4] Although Whitt's counsel raised an objection,[5] Veasey's did not join in it. Moreover, this court determined in *Whitt v. State* that the comment did not constitute reversible error.

4. Veasey contends that the trial court erred in overruling his objection to unresponsive testimony by the arresting officer that Vea-

---

[2] *Brown v. State*, 228 Ga. App. 281, 282 (1) (491 SE2d 488) (1997).

[3] *Adamson v. State*, 238 Ga. App. 105, 106 (2) (516 SE2d 310) (1999).

[4] See, e.g., *Jones v. State*, 190 Ga. App. 416, 418 (3) (379 SE2d 189) (1989).

[5] See *Whitt v. State*, supra, 215 Ga. App. at 709 (4).

sey's driver's license had been suspended.

Whitt's counsel objected to this testimony on the ground that it placed Veasey's character in evidence, and Veasey's counsel joined in this objection. As driving with a suspended license is a misdemeanor traffic violation,[6] the officer's testimony did inject Veasey's character in issue.[7] But "[i]t is well settled that all of the circumstances connected with an accused's arrest are admissible as evidence at trial, even those which establish the commission of another criminal offense and bring into question his character. [Cits.]"[8] Because Veasey was driving with a suspended license when arrested, proof of that offense was proper.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED APRIL 19, 2000 —
RECONSIDERATION DENIED MAY 19, 2000.

*Ronald E. Smith,* for appellant.
Angelo Veasey, *pro se.*
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.

---

[6] OCGA § 40-5-121 (a).
[7] See *Chapman v. State*, 202 Ga. App. 267, 268 (2) (414 SE2d 240) (1991).
[8] (Punctuation omitted.) *Conyers v. State*, 234 Ga. App. 830, 832 (1) (507 SE2d 842) (1998).