A05A0913. KALB v. THE STATE.
(623 SE2d 230)

BARNES, Judge.

Henry Cecil Kalb appeals his convictions for driving under the influence, being a habitual violator, having an open container of alcoholic beverage in the vehicle, and driving on the wrong side of the road. He contends his convictions should be reversed because the evidence is insufficient to sustain his conviction for having an open container, the trial court erred by giving a charge on the open container offense that was incomplete as a matter of law and not adjusted to the evidence, the court charged on improper lane change rather than driving on the right half of the road, the court admitted into evidence his entire traffic history, and the court admitted the notice of habitual violator without a proper foundation being laid. Kalb also contends his defense counsel was ineffective. For the reasons stated below, we must reverse Kalb's convictions for these offenses.

---

[20] *Holmes v. Henderson*, 274 Ga. 8-9 (1) (549 SE2d 81) (2001).

1. Kalb first contends that the evidence is insufficient to sustain his conviction for having an open container. The principles applicable to appellate review of a criminal conviction are stated in *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the evidence shows that Kalb was stopped by a Cobb County police officer after the officer saw him crossing out of his lane of traffic on three separate occasions. The officer saw Kalb's vehicle leave its lane of travel, enter the outside lane, and cross over to the inside lane three times.

After the officer stopped Kalb and asked him for his driver's license, Kalb could not produce one because he said it was suspended. Although an empty beer bottle was found in the car, Kalb said that he had consumed the beer about a half hour earlier while driving. The officer also testified that he "ran" Kalb on his computer and confirmed that he was a habitual violator.

OCGA § 40-6-253 (b) (1) prohibits the possession of any open alcoholic beverage container in the passenger area of any motor vehicle which is on the roadway or shoulder of a public roadway. The Code section defines an open alcoholic beverage container as any bottle, can, or other receptacle containing *any* amount of alcoholic beverage that is open or has a broken seal of which the contents are partially removed. OCGA § 40-6-253 (a) (2).

Kalb contends that no evidence was presented that showed that he possessed an open container of alcoholic beverage within the meaning of the Code section because the officer testified that the opened beer bottle in the car was empty. Moreover, he asserts on appeal that he was not charged with drinking while driving and that no evidence shows that he consumed an alcoholic beverage within Cobb County.

Conviction of possessing an open container under OCGA § 40-6-253 (a) (2) requires proof that the container contains "any amount of alcoholic beverage," OCGA § 40-6-253 (a) (2) (A), *and* that the container is open or has a broken seal, OCGA § 40-6-253 (a) (2) (B) (i), or that the contents of the container are *partially* removed. OCGA § 40-6-253 (a) (2) (B) (ii). Even though the officer's testimony on cross-examination established that the bottle was empty and did not contain anything when Kalb was stopped, Kalb's statement to the officer that he consumed the beer while driving is proof that the bottle contained an alcoholic beverage. From this evidence the jury could infer that the bottle contained an alcoholic beverage while Kalb was driving in Cobb County. OCGA § 24-4-9; *Geoffrion v. State*, 224 Ga. App. 775, 779 (7) (482 SE2d 450) (1997), rev'd on other grounds, *Mullins v. State*, 270 Ga. 450 (511 SE2d 165) (1999). Therefore, although we must reverse this conviction for the reasons stated in Division 2, the evidence presented was sufficient to prove Kalb's guilt

within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and his conviction of this offense need not be reversed on evidentiary grounds.

2. Kalb also enumerates as error that the trial court erred by admitting his "entire traffic criminal history in evidence." The document to which this enumeration refers is the entire record of all of Kalb's traffic offenses. Although Kalb acknowledges that his counsel objected to admitting this evidence only because the State had not provided him with proper notice of its intent to introduce similar transaction evidence, he argues that implicit in that objection is an objection that these documents impermissibly placed his character in issue. The State disputes this characterization of the objection and asserts that the defense counsel's failure to object to admission of this document on the specific grounds Kalb now asserts on appeal precludes us from considering this objection. *Crawford v. State*, 267 Ga. 543, 545 (6) (480 SE2d 573) (1997).

Pretermitting whether this objection is otherwise properly before this court, Kalb has asserted that his defense counsel was ineffective because he failed to object to this evidence on the proper grounds. Accordingly we must consider whether Kalb's defense counsel was ineffective for failing to object to this evidence on the proper grounds and whether a reasonable probability of a different outcome existed. *Schofield v. Gulley*, 279 Ga. 413, 416 (I) (A) (614 SE2d 740) (2005). He was not required to prove "that a different outcome would have been certain or even 'more likely than not.' [Cit.]" Id.

Under our law,

> [t]o prevail on a claim of ineffective assistance, a defendant must show that counsel rendered deficient performance and that actual prejudice resulted. Counsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight. A petitioner has suffered actual prejudice only where there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ineffective assistance claims are mixed questions of law and fact. We accept the [trial] court's findings of fact unless clearly erroneous and independently apply the law to those facts.

(Citations and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003).

Although judicial scrutiny of counsel's performance must be highly deferential and " '[s]ubstantial latitude' is given during judicial review of trial counsel's decisions regarding trial strategy," *Rivers v. State*, 271 Ga. 115, 118 (2) (b) (516 SE2d 525) (1999), we can conceive of no reasonable basis for not objecting to this record of all of Kalb's traffic offenses. At the motion for new trial hearing Kalb's defense counsel testified that he did not object to a document consisting of six pages of Kalb's traffic offenses, showing twenty-two separate traffic offenses, because he "didn't realize the driving history was going to go out and I didn't know that it had gone." Counsel further testified on cross-examination that he had been given the opportunity to review the document before it was tendered. Moreover, the transcript shows that counsel requested a hearing outside of the presence of the jury to make his objection to the document and thus could have objected on the proper grounds without the risk of calling the jury's attention to his objection and the matters contained in this record.

Kalb's entire driving record is inadmissible unless he put his character in issue or the record was material to the offenses for which he was charged. *Ragan v. State*, 264 Ga. 190, 191-192 (1) (442 SE2d 750) (1994). The State has offered no basis for asserting that this record was admissible in this case and we perceive none. Instead, the State argues that any error was harmless because of the overwhelming evidence of Kalb's guilt. We disagree.

> The proper test to determine whether error is harmless is not whether there is sufficient other evidence to convict but whether it is highly probable that the error did not contribute to the judgment. After reviewing the evidence and considering the inherently prejudicial character of evidence of prior crimes, we cannot say that the introduction of [Kalb's] entire driving record, including evidence of his prior convictions, did not contribute to the verdict. Under these facts, such evidence was irrelevant and immaterial and served no purpose other than to unduly prejudice the jury against him.

(Citation and punctuation omitted.) Id. at 192-193 (3); *Bray v. State*, 221 Ga. App. 218, 220 (471 SE2d 17) (1996); *Jarrard v. State*, 195 Ga. App. 704, 705-706 (3) (394 SE2d 555) (1990). Although the State relies upon *Razor v. State*, 259 Ga. App. 196 (576 SE2d 604) (2003) and *Allman v. State*, 258 Ga. App. 792 (575 SE2d 710) (2002), as authority for admitting the driving record, we found no prejudice in *Razor*, supra, 259 Ga. App. at 200, because the record did not go out with the jury. Further, the defendant in *Allman*, supra, 258 Ga. App. at

794-795, did not challenge the admissibility of his driving record, which the State introduced to support its contention that he had received notice his license was suspended.

Accordingly, we must conclude that Kalb's driving record was inadmissible and that Kalb's counsel was ineffective for failing to object. As admission of the driving record is inherently prejudicial, Kalb has demonstrated that a reasonable probability exists that, but for his counsel's failure to object, the result of his trial would have been different. Therefore, we must reverse Kalb's convictions and remand the case for a new trial on all of the charges.

3. As we have reversed Kalb's convictions, his remaining enumerations of error are all moot, and we need not address them because it is unlikely that they will recur upon a new trial.

*Judgment reversed and case remanded. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 16, 2005.

*David P. Smith*, for appellant.

*Patrick H. Head, District Attorney, Laura J. Murphree, Amelia G. Pray, Assistant District Attorneys*, for appellee.

