**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gerald Bernard Haltiwanger, Jr., Appellant.

Appellate Case No. 2013-002460

———————

Appeal From Richland County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-175
Heard February 1, 2016 – Filed April 13, 2016

———————

**AFFIRMED**

———————

Heather Vry Scalzo, of Byford & Scalzo, LLC, of Greenville, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Alphonso Simon, Jr., and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Gerald Bernard Haltiwanger appeals his conviction for murder, arguing the trial court erred in admitting his statement to police because the statement was typewritten by law enforcement and was not a complete record of his interview. Haltiwanger contends the trial court's failure to properly weigh the prejudicial effect of the statement against its probative value, under Rule 403 of the South Carolina Rules of Evidence, resulted in undue prejudice and misled the jury. We affirm.

We find the trial court did not err in admitting Haltiwanger's statement to police because the probative value of the statement was not substantially outweighed by its prejudicial effect. *See* Rule 402, SCRE ("All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, these rules, or by other rules promulgated by the Supreme Court of South Carolina."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *Jamison v. Ford Motor Co.*, 373 S.C. 248, 269, 644 S.E.2d 755, 766 (Ct. App. 2007) ("[T]he dictates of Rule 401 are subject to the balancing requirement of Rule 403, SCRE, which requires a court to exclude relevant evidence upon a showing that its admission would be more prejudicial than probative." (quoting *Watson ex rel. Watson v. Chapman*, 343 S.C. 471, 478, 540 S.E.2d 484, 487 (Ct. App. 2000))); *State v. Gray*, 408 S.C. 601, 616, 759 S.E.2d 160, 169 (Ct. App. 2014) ("All evidence is meant to be prejudicial; it is only *unfair* prejudice which must be [scrutinized under Rule 403]." (alteration by court) (quoting *State v. Gilchrist*, 329 S.C. 621, 630, 469 S.E.2d 424, 429 (Ct. App. 1998))); *id.* ("Prejudice that is 'unfair' is distinguished from the legitimate impact all evidence has on the outcome of a case."); *State v. McGee*, 408 S.C. 278, 288-89, 758 S.E.2d 730, 736 (Ct. App. 2014) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather[,] it refers to evidence which tends to suggest [a] decision on an improper basis." (quoting *State v. Dennis*, 402 S.C. 627, 636, 742 S.E.2d 21, 26 (Ct. App. 2013))), *cert. denied*, Dec. 4, 2014; *State v. Stokes*, 381 S.C. 390, 404, 673 S.E.2d 434, 441 (2009) ("[T]he determination of prejudice must be based on the entire record, and the result will generally turn on the facts of each case.").

Haltiwanger argues the trial court erred in failing to weigh the probative value of the typed statement against the prejudicial effect of misleading the jury into

believing the typed statement was a complete version of Haltiwanger's interview with police. We disagree. Haltiwanger's statement to police contained an admission as to his involvement in the shooting and subsequent death of Victim; his statement was knowingly and voluntarily given;[1] and he was given the opportunity to read, review, and make changes to the statement—though he elected not to make any changes—prior to signing it. Additionally, the jury was properly given the opportunity to consider the typewritten statement and Haltiwanger's trial testimony that the statement did not include additional information he provided to police—specifically, his testimony he shot Victim because he was afraid Victim was going to shoot him as Victim charged towards Haltiwanger's car with his gun raised. *See State v. Von Dohlen*, 322 S.C. 234, 243, 471 S.E.2d 689, 695 (1996) (finding once the trial court determines a defendant's confession is valid because it was knowingly and voluntarily given, it must then submit the defendant's statement to the jury); *State v. Atchison*, 268 S.C. 588, 599, 235 S.E.2d 294, 299 (1977) ("Whenever there is conflicting evidence relative to the validity of a statement or a confession, . . . it becomes the initial duty of the trial court to make a factual finding as to the validity of the statement. If found valid, the court should allow the statement to go to the jury for its ultimate determination of validity."); *McGee*, 408 S.C. at 288-289, 758 S.E.2d at 736 ("'Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather[,] it refers to evidence which tends to suggest [a] decision on an improper basis.' 'Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one.'" (quoting *Dennis*, 402 S.C. at 636, 742 S.E.2d at 26, and *State v. Cheeseboro*, 346 S.C. 526, 547, 552 S.E.2d 300, 311 (2001))).

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**

---

[1] During a pretrial hearing, conducted pursuant to *Jackson v. Denno*, 378 U.S. 386 (1964), the trial court determined Haltiwanger's statement was knowingly and voluntarily given.