**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 10, 2021**

# In the Court of Appeals of Georgia

A20A2027. SAINTPAUL v. THE STATE.

REESE, Presiding Judge.

A Newton County jury found Moline Hascia Saintpaul ("the Appellant") guilty of one count of misdemeanor theft by shoplifting.[1] The Appellant seeks review of the trial court's denial of her amended motion for a new trial, arguing the evidence presented at trial was insufficient to support her conviction. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the jury's verdict,[2] the record shows the following material facts. On February 5, 2018, Marcus Owens was employed as an

---

[1] See OCGA § 16-8-14 (a) (1), (b) (1).

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); *Rankin v. State*, 278 Ga. 704 (606 SE2d 269) (2004).

asset protection officer at a Walmart located in Newton County. He testified that on this day he noticed the Appellant and two other women enter the store with two large purses and empty, plastic Walmart bags, items that often raise suspicion in asset protection officers. Owens testified he observed the three women throughout the entirety of their visit, which lasted approximately 45 minutes. As he followed the women through the store, he observed them select multiple items from the health and beauty department and then move to the "bird food aisle," a location individuals often visited to conceal merchandise. While in the bird food aisle, he observed the women placing merchandise inside their purses and the plastic Walmart bag. Owens stated the women repeated this process twice, and the Appellant assisted with concealing the items.

The women then proceeded to checkout. Owens testified that while checking out the women engaged in a practice called "skip scanning" where people place items into a bag without scanning to avoid paying. Although the Appellant did not personally scan the items, she handed the other two women items that they selectively scanned, allowing them to place unscanned items into the buggy. After they exited the store and passed all points of sale, Owens and a deputy from the Newton County sheriff's office confronted them and escorted the women to the asset protection office.

2

While in the office, they emptied their purses and bag of unpaid merchandise totaling $209.60. The deputy then arrested the Appellant and charged her with one count of theft by shoplifting.

Owens also testified at trial that the Walmart had approximately 50 to 60 cameras in the store. Videos showing the women concealing merchandise in the plastic bag and purses, skip scanning during self-checkout, and returning the unpaid items after being confronted were played for the jury.

A jury found the Appellant guilty of one count of misdemeanor theft by shoplifting in violation of OCGA § 16-8-14. She filed an amended motion for a new trial, which the trial court denied. This appeal followed.

> On appeal from a criminal conviction, [the appellate court] view[s] the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[3] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence,

---

[3] 443 U.S. 307.

even though contradicted, to support each fact necessary to make out the State's case, [the reviewing court] must uphold the jury's verdict.[4]

Additionally, "[w]hen an appellant challenges the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5] With these guiding principles in mind, we now turn to the Appellant's specific claim of error.

The Appellant argues that the evidence presented at trial was insufficient to support her conviction for misdemeanor theft by shoplifting. She claims that she did not exhibit suspicious behavior, such as looking at cameras or around the store, and although Owens followed the women, his view was at times obstructed. The Appellant also points out that she did not personally participate in the skip-scanning, but merely passed items to the other two women who then placed them in the bags. She contends that because mere presence at the scene is insufficient to find one guilty of the commission of a crime, the evidence presented at trial failed to support her

---

[4] *Rankin*, 278 Ga. at 705 (additional citations omitted).

[5] *Jackson v. State*, 309 Ga. App. 24 (1) (709 SE2d 44) (2011) (punctuation and footnote omitted).

conviction of theft by shoplifting, and the trial court, therefore, should have granted her amended motion for a new trial. We disagree.

Under OCGA § 16-8-14 (a):

A person commits the offense of theft by shoplifting when such person alone or in concert with another person, with the intent of appropriating merchandise to his or her own use without paying for the same or, to deprive the owner of possession thereof or of the value thereof, in whole or in part, does any of the following: (1) Conceals or takes possession of the goods or merchandise of any store or retail establishment[.]

Although Owens testified the women did not look at cameras, they did go to a location of the store often used to conceal merchandise and place multiple items into their large purses and empty plastic bag. In addition to merely being present while the other women concealed these items, Owens stated he observed the Appellant actively help conceal merchandise herself. Moreover, although the Appellant did not personally scan the items at checkout, she handed items to the other women, who then selectively scanned items and placed the unpaid merchandise in bags just before they all left the store. As the Court stated in *Carter v. State*,[6] "[w]hile

_____

[6] 188 Ga. App. 464 (373 SE2d 277) (1988) (quotations and citation omitted); *Veasey v. State*, 244 Ga. App. 102, 103-104 (1) (534 SE2d 129) (2000) (holding that the evidence was sufficient to uphold a conviction for shoplifting, where the

mere presence at the scene of a crime affords no basis for a conviction, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." Appellant's actions, therefore, moved beyond mere presence at the scene of a crime, and consisted of activities intended to assist in appropriating the items taken from the store.[7]

Based on the record before us, we conclude there was sufficient evidence for the jury to find the Appellant guilty of theft by shoplifting as she worked with her two acquaintances to intentionally conceal merchandise and take it from the store without paying.

*Judgment affirmed. Markle and Colvin, JJ., concur*.

---

Appellant intentionally obstructed store manager's view while his acquaintance hid items under his coat).

[7] Although the Appellant cites *Brooks v. State*, 128 Ga. 261 (57 SE 483) (1907) and *Tanner v. State*, 161 Ga. 193 (130 SE 64) (1925) for the proposition a jury cannot find a person guilty due to mere presence at the scene of a crime, we find these cases distinguishable. In addition to the fact that both cases involved murder charges, the Appellant's actions here evidenced more than a mere presence at the scene and demonstrated active involvement in the crime.