A91A0376. BROOKS v. THE STATE.
(405 SE2d 343)

SOGNIER, Chief Judge.

Bennie Brooks was convicted of aggravated assault with a deadly weapon, aggravated assault with intent to rape, and false imprisonment stemming from an attack on a former coworker. He appeals.

1. Appellant first contends the trial court committed reversible error by failing to give curative instructions to the jury after two statements the victim made during her testimony placed his character into evidence. The victim testified that at about 7:00 p.m. on March

9, 1990, appellant, with whom she was acquainted because both were employed in the administrative offices of a local college, appeared at her apartment and stated he wanted to wait there until a friend returned to drive him to the airport. After talking with him for an hour or more, the victim left to visit a neighbor in a nearby apartment, leaving appellant alone in her apartment. When she returned, appellant grabbed her, holding her with his arm around her neck, and brandished a knife. She stated that "he told me to be quiet, that he was there because he needed a place to stay because he was running from the police." The victim testified that appellant then led her to her bedroom and placed her on her bed, tied her wrists and ankles, and told her he would not allow her to leave. Later in her testimony, in response to a question from the prosecutor asking what appellant said about why he wanted to stay at her apartment, the victim responded that "he told me because he had committed two other crimes and that . . . this was the only place that he could go." Appellant, who represented himself at trial, did not request limiting instructions, and no such instructions were requested or given.

We hold the statements were admissible as part of the res gestae of the crime. "Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. [Cit.] Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense and does not tend to establish the main offense. [Cit.]" *Fuqua v. State*, 183 Ga. App. 414, 419 (359 SE2d 165) (1987). Here, appellant's statements suggesting his fugitive status were part of the res gestae and thus were admissible. *Japhet v. State*, 176 Ga. App. 189, 191 (6) (335 SE2d 425) (1985); accord *Guthrie v. State*, 147 Ga. App. 351, 355-356 (6) (248 SE2d 714) (1978). Moreover, evidence otherwise admissible does not become inadmissible because it incidentally puts the defendant's character in issue. *McKenzie v. State*, 248 Ga. 294, 296 (5) (282 SE2d 95) (1981). Since the statements were admissible for the purpose of explaining the circumstances surrounding the crime, no limiting instructions were required in the absence of a request. See *Harrell v. State*, 241 Ga. 181, 186 (2) (243 SE2d 890) (1978).

2. The admission into evidence of the knife found in appellant's sock when he was apprehended at the victim's apartment, which was not the knife he used to threaten the victim, likewise was not error because the evidence was admissible as part of the circumstances surrounding the arrest. See *Fuqua*, supra.

3. Appellant's contention that the two aggravated assault charges merged as a matter of fact is also without merit. The trial testimony showed that the aggravated assault with a deadly weapon was com-

plete when appellant grabbed the victim in the living room and wielded the knife. See OCGA § 16-5-21 (a) (2). The subsequent aggravated assault with intent to rape occurred in the bedroom when appellant bound the victim and made threatening statements concerning rape while the knife was on the dresser near his hand. See OCGA §§ 16-5-20 (a) (2); 16-5-21 (a) (1); see also *Watson v. State*, 178 Ga. App. 778, 780-781 (2) (344 SE2d 667) (1986).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 8, 1991.

*Warren A. Sellers*, for appellant.
Bennie Brooks, *pro se*.
*Robert E. Keller, District Attorney, Lisa A. Curia, Clifford A. Sticher, Assistant District Attorneys*, for appellee.