A92A0339. RACQUEMORE v. THE STATE.
(418 SE2d 448)

Pope, Judge.

Defendant Moses Racquemore appeals his conviction of theft by shoplifting for concealing two packages of meat in his trousers at a grocery store.

1. We first address defendant's argument that the evidence was insufficient to support his conviction because the State failed to prove the element of intent to appropriate the merchandise for his own use or deprive the owner of its use or value, as required by OCGA § 16-8-14. Evidence was presented that defendant was seen stuffing two packages of meat into the waist of his trousers and pulling his shirt down over them. Defendant did not leave the store with the meat, but returned the meat to the display case after the store security guard and store manager started watching his actions and following him. " 'Whether the requisite intent is manifested by the circumstances is a question for the trier of fact, and, on review, this court will not disturb the factual determination unless it is contrary to the evidence and clearly erroneous. (Cit.)' " *Foster v. State,* 192 Ga. App. 720 (386 SE2d 383) (1989). Just as in *Foster,* which also involved a defendant who concealed merchandise in his clothing and then returned it to a shelf after he was seen by store employees, "[w]e hold that the evidence presented here was sufficient to enable a rational trier of fact to find the [defendant] guilty beyond a reasonable doubt of the offense of theft by shoplifting." Id.

2. We agree, however, that the trial court erred in permitting into evidence certain testimony which called into issue defendant's general character without giving a proper cautionary instruction to the jury. The store manager, in the course of describing his interrogation of the defendant after he was taken to the store office, testified he asked the defendant where he lived and the defendant responded that he was on probation and living at a half-way house. Defendant's attorney moved for mistrial on the ground that the testimony improperly placed the defendant's character into evidence. After a hearing outside the presence of the jury and a brief recess for the judge to review the law, the judge informed the parties that he would deny the motion for mistrial but would instruct the jury that the testimony at issue was admissible for the limited purpose of establishing the requisite criminal intent. Defendant's attorney stated his exception to the court's ruling. Nevertheless, once the jury returned to the courtroom, the judge instructed them that the defendant was on trial only for

shoplifting and the testimony concerning the defendant's probation "would only be admissible for the limited purpose of showing or attempting to establish the requisite intent required in a shoplifting prosecution."

We hold that the instruction supposedly "limiting" the jury's consideration of the testimony was improper because the statement was not admissible for the purpose of showing intent to commit the crime charged. The only manner in which the fact that defendant had been convicted of some other crime could be relevant to his intent to commit the crime charged is the improper inference that commission of a previous crime reflects on the defendant's character or propensity to commit another crime.

Contrary to the argument made by the State, this is not a case, as in *Greer v. State*, 199 Ga. App. 106 (1) (403 SE2d 825) (1991), in which the defendant's reference to the fact that he had recently been released from prison on probation was offered by defendant as a reason why he did not commit the crime with which he was charged. Thus, contrary to the statement at issue in *Greer*, the defendant's statement that he was on probation and living at a half-way house, in response to a question about where he lived, is not material to or admissible on the issue of motive, intent and course of conduct. Nor is this a case, as in *Brooks v. State*, 199 Ga. App. 525 (1) (405 SE2d 343) (1991), in which the defendant's statements concerning the commission of other crimes were part of the res gestae of the crime. Thus, contrary to *Brooks*, defendant's statement was not admissible for the purpose of explaining the circumstances surrounding the crime.

We also reject the State's argument that defendant waived any objection to the trial court's ruling by failing to renew the motion for mistrial after it was denied and the "curative" instruction was given. The record shows defendant stated his exception to the trial court's ruling after the judge denied the motion and announced his intention to give the instruction to the jury. Since the defendant's exception was clearly stated after the ruling was made, we see no reason why the exception had to be repeated after the instruction was given to the jury.

Where, as here, the introduction into evidence of a prior offense served no proper purpose such as proving an element of the offense, then it is reversible error for the trial court to take no remedial action in response to defendant's motion for mistrial. See *Lancaster v. State*, 189 Ga. App. 149 (2) (375 SE2d 281) (1988). If the judge, in his discretion, had instructed the jury not to consider the testimony, then the denial of mistrial would not have been reversible error. See *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315) (1982). But the judge in this case gave an improper instruction which, in effect, reinforced the improper inference that commission of a previous crime is a reflection

on character and intent to commit another crime. Where character evidence has been improperly submitted in evidence and a motion for mistrial is made, "the court may grant the mistrial or take other corrective measures less than a mistrial if the latter are sufficient for the purpose, but he should by all needful and proper instruction to the jury endeavor to remove the improper impression from their minds." *Stanley v. State*, 94 Ga. App. 737, 743 (1) (96 SE2d 195) (1956). Here, the trial court's failure either to grant the motion or give a proper cautionary instruction constitutes reversible error. See *Hamilton v. State*, 155 Ga. App. 799, 801 (272 SE2d 763) (1980).

3. It is not necessary to address defendant's remaining enumeration of error concerning certain jury charges.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 29, 1992.

*Alice C. Stewart*, for appellant.

*Patrick H. Head, Solicitor, B. Martin First, Beverly M. Collins, Assistant Solicitors*, for appellee.