## A96A2513. PENN v. THE STATE.
### (481 SE2d 602)

BEASLEY, Judge.

Penn was convicted of aggravated battery (OCGA § 16-5-24), aggravated assault (OCGA § 16-5-21), and simple battery (OCGA § 16-5-23). He was sentenced only for aggravated battery because the other two convictions merged. His sole enumeration is that the court erred by failing to give his three requests to charge with respect to the defense of justification. The first of these was based on the first sentence of OCGA § 16-3-20, which states: "The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct." The second one, on use of force in defense of self, was drawn from OCGA § 16-3-21 (a), and the authority cited below was *State v. Shepperd*, 253 Ga. 321 (320 SE2d 154), aff'g *Shepperd v. State*, 170 Ga. App. 286 (316 SE2d 785) (1984). The third was on mutual combat, a defense which is mutually exclusive of self-defense, and was based on *Simmons v. State*, 172 Ga. App. 695, 696 (1) (324 SE2d 546) (1984).

The trial court explained that it refused to give the charges because there was no evidence as to how the altercation started except Penn's admission that he threw the first punch. "A person is not justified in using force under . . . subsection (a) . . . if he . . . [w]as the aggressor or was engaged in a combat by agreement. . . ." OCGA § 16-3-21 (b) (3). The court's analysis of the evidence was that there was none to support any possible foundation for justification "other than speculation." Black's Law Dictionary (6th ed. 1996) states that "[s]peculation, upon which neither court in nonjury case nor jurors in jury case may base verdict, is the art of theorizing about a matter as to which evidence is not sufficient for certain knowledge." In this same vein, Black's defines "conjecture" as "[a] slight degree of credence, arising from evidence too weak or too remote to cause belief. Supposition or surmise. . . . ." Id. Neither speculation nor conjecture is a proper basis for factfinding, see *Brooks v. State*, 206 Ga. App. 485, 487 (1) (425 SE2d 911) (1992), and neither will support

a reasonable inference. *Taylor v. N. I. L., Inc.*, 221 Ga. App. 99, 100 (470 SE2d 491) (1996).

The charge of aggravated battery, on which Penn was sentenced, stemmed from his placing Sherice Nelms in a headlock and slamming her to the floor, causing a cervical fracture. The court cautioned the jury that the indictment was not evidence, and among its instructions it charged on presumption of innocence, the State's burden of beyond a reasonable doubt, the meaning of "reasonable doubt," and the duty of the jury to decide questions of credibility of witnesses and conflict in evidence. The court also instructed on the elements of each crime of which Penn was accused.

The evidence was undisputed Penn and Nelms lived together for several years in a stormy relationship in which they had four children, and that on this occasion there was a physical engagement from which Nelms emerged with a spinal cord injury which left her paralyzed below the chest area. Nelms was 5′5″ to 5′6″ tall and weighed 130 pounds; Penn was 6′5″ tall and weighed between 200 to 205 pounds. He admitted that he was stronger, bigger, and weighed a lot more than Nelms.

Penn testified at trial and was his only witness. He admitted that the day before the incident for which he was on trial, he hit Nelms while they were in her rented car and she was driving, which caused a black eye that was still visible when the medics came for her the following day. After hitting her, he took the car. She was out searching for it the next morning when he finally returned. When she arrived home, he was sitting on the porch and, according to him, "could have" been going through her purse, although he also denied it. She walked past him without saying anything. According to Penn, they were not on speaking terms because of the conflict the previous day.

The phone rang, Nelms answered it and informed Penn the call was for him. He told her to find out who it was and to say he would call back, and she complied. He was still angry with her at this point, so he stepped over his grandmother who was seated in her wheelchair in the front doorway and went into the house and took a swing at Nelms, which started the fight. His grandmother told him to leave Nelms alone and grabbed his arm.

Penn testified that "we had broke loose from each other and then she ran back into me again. We were locked up and somehow, I don't know how we fell, but the way we fell, I had her and she was trying to get loose from me and we both just fell . . . she had me like around the waist and I had her around the head or something like that." He was not trying to get away from her; in his words, he was "just fighting." When they fell, he was on top. There had been physical fights before, he said. He denied that he intended to harm her on this occa-

sion, but he admitted he intended to hit her the day before with his fist, and he did not deny that this resulted in a black eye.

As to the incident on trial, Penn admitted he was mad at her when he stepped over his grandmother to get to Nelms. He left the house rather than help Nelms after they fell to the floor, explaining that his grandmother instructed him to leave. He did not claim to have suffered any injury.

The court was not in error. Including reasonable inferences, there was no evidence whatsoever on which a finding of the justification of self-defense or the defense of mutual combat could be based. This case differs from *Shepperd*, supra, in which evidence of self-defense was presented. The same is true of *Printup v. State*, 217 Ga. App. 495, 496 (3) (458 SE2d 662) (1995), in which Printup's testimony that the victim of his aggression "initiated the altercation by jumping on and hitting him and that he merely tried to push her away" provided some evidence supporting the charge. Even though Printup had not requested the charge, the court was compelled to give it under the principle repeated in *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). In *Harrell v. State*, 205 Ga. App. 378 (1) (422 SE2d 71) (1992), defendant's testimony was that the victim was the initial aggressor. *Koritta v. State*, 263 Ga. 703 (438 SE2d 68) (1994), included evidence of action by defendant based on fear of imminent harm to self or children.

As to mutual combat, there was no evidence that " 'both parties [were] at fault and [were] willing to fight because of a sudden quarrel' " and had the intent of using deadly weapons against each other. *Simmons*, supra at 696 (1).

*Wells v. State*, 200 Ga. App. 104 (1) (407 SE2d 86) (1991), and *Little v. State*, 195 Ga. App. 130 (392 SE2d 896) (1990), involved other aspects of justification, but there again, defendants' versions of the events supported the defense and, consequently, the charge.

Penn did not testify that Nelms started the physical confrontation. Furthermore, she was trying to get away when the nearly fatal fall occurred. This is not self-defense on his part nor mutual combat which would justify the aggravated assault.

Instead, Penn testified that he did not intend to harm the victim, although he did not deny that he intended to "connect with her face" when he first was swinging at her. He did intend to hit her the day before. The court charged that criminal intent is an essential element of any crime. Its rejection of Penn's requested charge on accident is not enumerated as error.

Penn was not deprived of a fair trial by the court's refusal to instruct the jury in accordance with his requested charges.

*Judgment affirmed. Birdsong, P. J.; and Blackburn, J., concur.*

*McClellan & Pangborn, John F. McClellan, Jr.,* for appellant.
*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney,* for appellee.