A99A1062. RUIZ v. THE STATE.
(522 SE2d 503)

PHIPPS, Judge.

Jose Ruiz appeals his 1997 conviction of possession of cocaine with intent to distribute.

In 1993, Ruiz was convicted of possession of cocaine and given a probated sentence. While arresting Ruiz for violation of his probation, DeKalb County police found the cocaine which led to the 1997 conviction. During a pretrial hearing, Ruiz moved in limine to exclude evidence that the officers had found the cocaine while arresting him for the probation violation. The court denied the motion,

*of Atlanta v. Shaw*, 179 Ga. App. 148 (345 SE2d 642) (1986); *Murphy v. ARA Svcs.*, 164 Ga. App. 859, 863 (298 SE2d 528) (1982).

stating that exclusion of this evidence would make it look "like [the officers] jumped out of an airplane and came down there for no reason at all." But the court did rule that the prosecution could not show the offense for which Ruiz was on probation.

The prosecution was allowed to offer evidence of Ruiz's prior conviction of possession of cocaine as a similar transaction. The conviction was proved through the testimony of the arresting officer, DeKalb County Police Officer Dankewich, and through introduction of a certified copy of the conviction and sentence.

DeKalb County Detective Becker later testified that in this case he had been summoned to a motel to assist in Ruiz's arrest. Detective Becker observed a vehicle arrive at the motel. The driver and her male passenger exited the vehicle and entered the room where Ruiz was supposed to be staying. Becker and another officer went to the room, determined the male passenger was Ruiz, and arrested him. After several hits of crack cocaine were found in Ruiz's possession during a search incident to his arrest, Becker radioed another officer to do a walkaround of the vehicle with a drug dog. Ruiz's companion acknowledged the vehicle was hers and consented to a search of it "because there shouldn't be anything in it," but then became upset. Ruiz told Becker that on the back floorboard of the car was cocaine which belonged to him. As this conversation was taking place, the dog alerted on an area of the car. During the ensuing search, 13 hits of crack cocaine were found in plastic bags hidden under boxes on the back floorboard behind the driver's seat.

On direct examination at trial, Ruiz sought to recant his pretrial admission. He testified that the cocaine in the vehicle belonged to his companion and that he was induced to take the blame because he was under the influence of crack cocaine. Over objection, the State on cross-examination sought to impeach Ruiz by showing that he was on probation for the prior cocaine possession offense.

Ruiz charges the court with error in overruling the objection and denying his motion in limine. He contends the testimony the court allowed the State to elicit from him on cross-examination, as well as that given by Detective Becker, impermissibly placed his character in issue.

The court did not err in denying the motion in limine. That Detective Becker and other officers were going to the motel to arrest Ruiz was admissible as part of the res gestae. See *Brooks v. State*, 199 Ga. App. 525 (1) (405 SE2d 343) (1991); compare *Racquemore v. State*, 204 Ga. App. 88 (2) (418 SE2d 448) (1992). "[E]vidence otherwise admissible does not become inadmissible because it incidentally puts the defendant's character in issue. [Cit.]" *Brooks*, supra at 526 (1).

Even if the court had erred in allowing the State to show during

its cross-examination of Ruiz that he was on probation for a prior drug offense, the error would be harmless in that the State made the same showing in proving the prior offense as a similar transaction, and Ruiz does not complain of the similar transaction evidence on appeal.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 13, 1999.

*Maryann F. Blend*, for appellant.

*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Barbara B. Conroy, Assistant District Attorneys*, for appellee.