## A00A0677. ADKINSON v. THE STATE.
(537 SE2d 474)

POPE, Presiding Judge.

This is the second appearance of this case in this court. Adkinson was convicted of simple battery, possession of devices to commit crime, and five counts of violating the Georgia Controlled Substances Act. His wife, Kimberly, was convicted of aggravated assault, aggravated battery, possession of a firearm during the commission of a crime, possession of devices to commit crime, and five counts of violating the Georgia Controlled Substances Act. *Adkinson v. State*, 236 Ga. App. 270 (511 SE2d 527) (1999) (*Adkinson I*). The charges arose out of an altercation between the spouses, in which Adkinson shoved his wife, who was holding their child, and Kimberly shot Adkinson in the back. Officers discovered various drug paraphernalia, $3,000, marijuana, and amphetamines in a car belonging to Kimberly.

In *Adkinson I*, we reversed Adkinson's conviction for possession

of marijuana with intent to distribute, affirmed his conviction for possession of amphetamines with intent to distribute, and remanded the case to the trial court for consideration of Adkinson's contention that his trial counsel was ineffective. The trial court found that Adkinson's counsel's decision to stipulate Kimberly's in-custody statement into evidence did not constitute ineffective assistance. We agree.

1. Prior to trial, at a time when it was unclear whether Kimberly would testify, Adkinson's counsel was presented with the opportunity to stipulate Kimberly's statement into evidence. For the reasons shown below, he believed it would be helpful to his case. Adkinson's counsel, together with Kimberly's counsel, agreed to the stipulation. But the statement also inculpates Adkinson in the sale of drugs, which Adkinson denied. At the beginning of the lengthy statement, Kimberly said, that on the day of the incident, she and her husband "got up as usual. . . . Then, you know, the pager is going off, and he's trying to make drug deals." The statement also included references to Adkinson's possession of a pager and a money pouch containing a large amount of cash.

2. It is true that the statement could not have been admitted without counsel's stipulation. See *Livingston v. State*, 268 Ga. 205, 210-212 (2)-(4) (486 SE2d 845) (1997); OCGA § 24-3-52. But absent a demonstration of ineffectiveness, decisions by counsel as to what agreements to conclude regarding the admission of evidence are generally given effect. See *New York v. Hill*, 528 U. S. 110 (120 SC 659, 145 LE2d 560) (2000), citing *United States v. McGill*, 11 F3d 223, 226-227 (1st Cir. 1993). Thus, the only question is whether the trial court's finding that counsel was effective was clearly erroneous. *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990).

3. To prevail on a claim of ineffective assistance of counsel, Adkinson must show both that counsel performed deficiently and that it is reasonably probable that this deficiency affected the outcome of the trial. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). Adkinson bore the burden of proving ineffectiveness. *Garrett v. State*, 196 Ga. App. at 874 (1). He was required to "overcome the strong presumption that his attorney's performance fell within a wide range of reasonable professional conduct and that the attorney's decisions were made in the exercise of reasonable professional judgment." *Berry v. State*, 267 Ga. 476, 479 (4) (480 SE2d 32) (1997). Also, strategic and tactical choices are the exclusive province of the lawyer and when made after thorough investigation are virtually unchallengeable. *Esquivel v. State*, 236 Ga. App. 325, 326 (512 SE2d 61) (1999). See also *Phillips v. State*, 233 Ga. App. 557, 559 (504 SE2d 762) (1998) ("[t]rial strategy and tactics do not equate with ineffective assistance of counsel"). In assessing effectiveness, we

are reminded that "an attorney's judgment need not necessarily be right, so long as it is reasonable." *McGill*, 11 F3d at 227, citing *Strickland v. Washington*, 466 U. S. at 687-691. See also *Ross v. State*, 231 Ga. App. 793, 799 (7) (499 SE2d 642) (1998).

Here, Adkinson "was anxious to testify" for the State against his wife, and he voluntarily incriminated himself in so doing. Adkinson's counsel had read and studied Kimberly's statement, and he wanted to use it against her. Because he did not know whether Kimberly would testify, he seized the opportunity to put Kimberly's statement into evidence. He testified that he believed Kimberly's statement would prove favorable to Adkinson because it was self-contradictory and, in his opinion, "so incredible, so outlandish, that I thought it would help my client if I allowed the statement in." For instance, in the statement Kimberly insisted that Adkinson was still attacking her and facing her when she shot him, notwithstanding evidence that showed Adkinson was shot in the back. Counsel gave his reasoning at the hearing,

> I looked at the statement, and I analyzed it, and I felt that there were several things in the statement that would be helpful to him and make it look like she was not telling the truth and make it look like the drugs were hers. . . . So if you take the whole thing in totality, the statement made her look so bad in my view that I let it in in hopes that the jury would see that and then believe him instead of her.

He chose not to have the statement redacted because he felt that the jury would see that Kimberly was just trying to place all guilt on her husband. He believed that the statement as a whole "would help instead of hurt." He thought that there was "an excellent chance that the jury would believe that they were her drugs and her drug paraphernalia and not Mr. Adkinson's."

During his testimony, Adkinson denied dealing and said that he got his own drugs from Kimberly and her father.

"The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case." *Brown v. State*, 268 Ga. 354, 357 (4) (490 SE2d 75) (1997). The trial judge believed that counsel's decision constituted reasonable trial strategy. The trial court's decision was supported by counsel's testimony and was not clearly erroneous.

*Judgment affirmed. Andrews, P. J., Blackburn, P. J., Ruffin, Miller and Ellington, JJ., concur. Smith, P. J., dissents.*

SMITH, Presiding Judge, dissenting.
I must respectfully dissent.

Regardless of any favorable effect of the rest of the statement, I cannot dismiss counsel's stipulation as simply "strategy." Trial counsel testified that he was "unsure" at the time he stipulated the statement's admission whether Kimberly Adkinson was going to take the stand. He also testified that he knew he could have requested that the statement be redacted to eliminate the reference to Adkinson's drug dealing, but he did not. And he testified that he was aware that OCGA § 24-3-52 provides that the statement of a joint offender made after the enterprise has ended is admissible only against the declarant.

Yet, even when it became known to trial counsel that Kimberly was not going to testify, leaving the statement as the *sole evidence* presented implicating Adkinson in drug dealing, he did not request a limiting instruction based upon OCGA § 24-3-52. In fact, he testified he was not sure he even thought about the fact that admitting the statement violated Adkinson's Sixth Amendment Confrontation Right.

A strong presumption exists that trial counsel's performance was within the range of reasonable professional assistance. *Davis v. State*, 238 Ga. App. 84, 89 (7) (517 SE2d 808) (1999). But I am persuaded that Adkinson met his burden of showing ineffective assistance. Trial counsel may have had strong reasons for agreeing to the stipulation initially. But in my view, when it became apparent that Kimberly would not testify and that her statement could not be used to incriminate Adkinson, counsel at least should have asked for a limiting instruction based upon OCGA § 24-3-52.

Because the statement was the *only* evidence supporting the State's charge that Adkinson was in possession of amphetamines with intent to distribute, I agree with Adkinson that a reasonable probability exists that the outcome of the trial would have been different but for counsel's deficiency. I would grant him a new trial.

DECIDED JULY 14, 2000.

*Ann C. Stahl*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.