## A01A1712. KILPATRICK v. THE STATE.
### (557 SE2d 460)

MILLER, Judge.

Rodney Kilpatrick was convicted of aggravated battery based on evidence that he shot a victim three times in the legs, resulting in the amputation of the lower portion of one of the legs. Kilpatrick testified that the shooting occurred during a struggle for the gun and was accidental. He enumerates two errors: (1) the trial court erred in finding he received effective assistance of counsel where trial counsel failed to challenge the admissibility of statements Kilpatrick made to police without the benefit of *Miranda*[1] warnings; and (2) the trial court erred in failing to give his requested charge of self-defense in addition to his charge on accident. Discerning no error, we affirm.

---

Construed in favor of the verdict, the evidence showed that Kilpatrick and a woman were arguing when McArthur Robison, who had transported the woman to the scene, attempted to drive away to avoid the confrontation. To prevent this escape, Kilpatrick removed the keys from Robison's vehicle and threw them over a fence. Kilpatrick punched Robison, bloodying his nose. Kilpatrick then threatened to rob Robison, so Robison put his vehicle in neutral and coasted down the hill to escape. Using his own vehicle, Kilpatrick chased after Robison and, upon reaching him, placed a gun to Robison's head. He then shot Robison three times in his legs, leading to the amputation of a portion of Robison's right lower leg. Kilpatrick left with money from Robison or from a purse in Robison's car.

Kilpatrick testified that he and the woman agreed that Kilpatrick was to receive certain money contained in her purse, but that Robison took the purse and tried to escape with it in his vehicle. At the woman's request to retrieve her purse, Kilpatrick chased after Robison and approached him with a gun, which Kilpatrick held pointed down. Robison tried to wrest the gun from Kilpatrick, and when Kilpatrick resisted, the gun accidentally fired, injuring Robison. The court gave Kilpatrick's jury charge on accident but not his charge on self-defense.

The jury acquitted Kilpatrick of armed robbery and of possession of a firearm by a convicted felon, but found him guilty of aggravated assault and aggravated battery. The court merged the aggravated assault count into the aggravated battery count and gave Kilpatrick a 20-year sentence. Kilpatrick moved for a new trial, asserting ineffective assistance of counsel and failure to give his requested self-defense jury charge. Following the denial of his motion, Kilpatrick appealed.

1. To succeed on an ineffective assistance of counsel claim, Kilpatrick bore the burden of proving that trial counsel's performance was deficient and that it prejudiced him so as to deprive him of a fair trial.[2] "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy."[3] Strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client and, when made after thorough investigation, are virtually unchallengeable.[4] Thus, trial

---

[2] *Earnest v. State*, 262 Ga. 494, 496 (5) (422 SE2d 188) (1992), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); see *Adkinson v. State*, 245 Ga. App. 178, 179 (3) (537 SE2d 474) (2000) (burden on defendant).

[3] (Citations and punctuation omitted.) *Earnest*, supra, 262 Ga. at 496 (5).

[4] *Stephens v. State*, 265 Ga. 120, 122 (2) (453 SE2d 443) (1995); *Adkinson*, supra, 245 Ga. App. at 179 (3); *Teat v. State*, 237 Ga. App. 867, 869 (2) (516 SE2d 794) (1999).

strategy and tactics simply do not equate with ineffective assistance of counsel.[5] Only if the tactical decisions are so patently unreasonable that no competent attorney would have chosen them would there be grounds for finding deficient performance.[6] In making this determination, the trial court judges reasonableness by the circumstances at the time, and not by hindsight or results.[7]

The trial judge, who oversaw the trial and who heard the evidence presented at the motion for new trial hearing, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that we do not disturb unless clearly erroneous.[8] Here the judge without explanation simply denied the motion for new trial, and thus we operate from the premise that the judge found against Kilpatrick on both questions.

The issue was trial counsel's decision not to challenge the admissibility of statements Kilpatrick made to police. Some evidence showed that as Kilpatrick willingly approached the first officer on the scene, he volunteered that he shot the victim. To secure Kilpatrick's safety from a gathering hostile crowd, the officer placed Kilpatrick in the back of the police car to question him. The officer testified that Kilpatrick was not under arrest. During the questioning (and without *Miranda* warnings), Kilpatrick again stated he shot the victim and explained that the incident arose out of money owed him by a woman due to her selling him defective cell phones. He also told the officer where to find the gun in his car. When taken to police headquarters, he repeated that he shot the victim, again before any *Miranda* warnings. At trial Kilpatrick testified that he never told police he shot the victim, and at the motion for new trial hearing he testified that he was handcuffed before being placed in the back of the police car.

When questioned why he did not challenge the admissibility of the statements, trial counsel repeatedly emphasized that it was a matter of trial strategy. "[M]y strategy was . . . to go ahead and show that Rodney cooperated, and I think he did. He told the officer, 'Hey, I had the gun. I was trying to get my money back.' We were trying to show the jury that he was very cooperative." He even told police where to find the gun.

Counsel further testified that his strategy provided an avenue to get in Kilpatrick's immediate explanation to the police that it was not

---

[5] *Rogers v. State*, 247 Ga. App. 219, 232 (18) (b) (543 SE2d 81) (2000).

[6] *Mack v. State*, 242 Ga. App. 256, 258 (2) (c) (529 SE2d 393) (2000); see *Adkinson*, supra, 245 Ga. App. at 180 (3) ("'an attorney's judgment need not necessarily be right, so long as it is reasonable.' [Cits.]").

[7] *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998).

[8] Id. at 308 (2); *Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996).

a robbery but simply an attempt to recover the cell phone money owed him by the woman, which attempt tragically resulted in an accidental shooting. Counsel pointed out that these tactics were successful in that Kilpatrick was acquitted on the armed robbery charge, which had carried a possible life sentence. Counsel emphasized that before trial he discussed this strategy with Kilpatrick and his family. Finally, counsel testified that he felt the evidence showed that Kilpatrick was held in the police car for his own protection and was not under arrest, and thus an admissibility challenge would have been unsuccessful in any case.[9]

The trial court was authorized to find credible trial counsel's explanation that the decision was tactical[10] and that counsel reasonably believed Kilpatrick's statements were not made in custody.[11] As evidence supported a finding that the decision was one of reasonable tactics, we hold that the trial court did not clearly err in denying Kilpatrick's motion for new trial on grounds of ineffective assistance of counsel.

2. Kilpatrick requested in writing that the trial court charge the jury on both accident and self-defense. He contends that the court erred in giving only the accident charge.

"Generally, either accident or self defense will be involved in a case, but not both."[12] This is because they are for the most part mutually exclusive, in that self-defense involves an intentional act and accident does not.[13] Only in a "rare" case will a charge on both accident and self-defense be authorized.[14] Such a case would be "where a party who is armed with a weapon contends that while he was defending himself from another party, his weapon accidentally discharged and killed that other party."[15] Thus, *Koritta v. State*[16] held that a charge on both was required where the evidence showed that although it appeared defendant's gun went off accidentally, the defendant at the time was engaged in an intentional attempt to ward off the victim's attacks.[17]

Here we have no evidence of any attacks or aggression by the vic-

---

[9] Cf. *Lobdell v. State*, 256 Ga. 769, 773 (6) (353 SE2d 799) (1987) ("For *Miranda* to apply a person must be taken into custody or otherwise deprived of his freedom of action in some significant way.").

[10] See *Stansell v. State*, 270 Ga. 147, 149-150 (2) (510 SE2d 292) (1998); *Earnest*, supra, 262 Ga. at 496-497 (5).

[11] Cf. *Himmel v. State*, 246 Ga. App. 845, 849 (2) (b) (542 SE2d 557) (2000).

[12] *Turner v. State*, 262 Ga. 359, 360 (2) (b) (418 SE2d 52) (1992).

[13] Cf. id. at 360-361 (2) (b), (c).

[14] *Prayor v. State*, 217 Ga. App. 56, 59 (5) (456 SE2d 664) (1995).

[15] (Footnote omitted.) *Turner*, supra, 262 Ga. at 360 (2) (b).

[16] 263 Ga. 703, 704-705 (438 SE2d 68) (1994).

[17] See also *Turner*, supra, 262 Ga. at 360 (2) (a) (self-defense charge authorized where victim attacked defendant with knife).

tim. To the contrary, according to Kilpatrick's own testimony, Robison did everything possible to avoid Kilpatrick's aggression. Robison tried to escape the initial confrontation, only to have Kilpatrick take his keys. When Robison got out of the car, Kilpatrick struck him, and Robison (who was bigger) did not retaliate. Rather, Robison put his vehicle in neutral and coasted down a hill in an effort again to escape. Kilpatrick chased after Robison and approached him with a gun. Robison had no weapon. Robison attempted to disarm Kilpatrick, which Kilpatrick resisted, and the shooting occurred during the struggle. Kilpatrick denied squeezing the trigger or intending to shoot Robison. He claims that he resisted the efforts to disarm him out of a fear that Robison would take the gun and shoot him.

This evidence may show accident, but it hardly shows self-defense.[18] Indeed, it would turn the law on its head to allow an armed aggressor, who confronts an unarmed nonthreatening victim, to claim self-defense when the victim is shot during the victim's struggle to disarm the aggressor.[19] The court did not err in refusing to charge the jury on self-defense.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 13, 2001 — ▮▮▮▮▮

*Dell Jackson,* for appellant.

Rodney Kilpatrick, *pro se.*

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Michele T. McCutcheon, Assistant District Attorneys,* for appellee.

---

[18] See *Strong v. State,* 263 Ga. 587, 588-589 (2) (436 SE2d 213) (1993); *Penn v. State,* 224 Ga. App. 616, 618 (481 SE2d 602) (1997).

[19] See OCGA § 16-3-21 (b) (3).