A09A1424. BONKER v. THE STATE.
(681 SE2d 256)

ELLINGTON, Judge.

A Hall County jury found Cameron J. Bonker guilty of armed robbery, OCGA § 16-8-41; aggravated assault, OCGA § 16-5-21; and

---

YALE LAW LIBRARY

possession of a firearm during the commission of a felony, OCGA § 16-11-106. Bonker appeals from the order denying his motion for a new trial, contending that his trial counsel was ineffective for failing to ask the court to charge the jury that the circumstances of Bonker's arrest were irrelevant to the crimes with which he was charged. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows the following relevant facts. On April 20, 2006, two men robbed Heng Wong of $100 at gunpoint as he tried to make a food delivery to an apartment in Hall County. A woman who witnessed the robbery later identified Bonker from a photographic lineup and in court as one of the men who committed the robbery.

About a week after the robbery, Bonker and his accomplice, Matthew Williams, went to the Mall of Georgia in Gwinnett County. They had been drinking, and they were arrested for public drunkenness. The police found a .22 caliber handgun in Bonker's pocket, and they later turned it over to the Hall County Police Department. Williams testified that he and Bonker used the gun found on Bonker's person to commit the Hall County armed robbery. Bonker was arrested on a Hall County armed robbery warrant and extradited from Missouri. Bonker admitted he was in Missouri because he had been "running" from prosecution on the armed robbery charges.

Bonker contends that his trial counsel rendered ineffective assistance because he failed to request a limiting instruction regarding his arrest for public drunkenness, which he argues was highly prejudicial character evidence. Bonker also argues that the evidence negatively affected the outcome of his trial because the jury could have used the evidence of his bad character to speculate that he had committed other crimes while drunk. Finally, Bonker argues that there cannot be any strategic reason for not requesting limiting instructions when his trial counsel brought the jury's attention to the prejudicial character evidence.

In order to prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that the defense counsel's performance was deficient; and (2) that this deficiency prejudiced the defendant such that there is a reasonable probability that but for the deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Further, as a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel. *Grier v. State*, 273 Ga. 363, 365 (541 SE2d 369) (2001). Unless a tactical decision was so "patently unreasonable that no

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

competent attorney would have chosen [it]," that decision is not grounds for a finding of deficient performance. (Citations omitted.) *Kilpatrick v. State*, 252 Ga. App. 900, 902 (557 SE2d 460) (2001). "[As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

The evidence regarding the circumstances surrounding the handgun's discovery was part of the res gestae and its admissibility was within the discretion of the trial court. *Brooks v. State*, 199 Ga. App. 525, 526 (405 SE2d 343) (1991) ("Surrounding circumstances constituting part of the res gestae may always be shown . . . with the principal fact, and their admissibility is within the discretion of the trial court. . . . [I]t does not matter that the act is another criminal offense and does not tend to establish the main offense."). See also *Fuqua v. State*, 183 Ga. App. 414 (359 SE2d 165) (1987) (circumstances surrounding defendant's arrest admissible as part of the res gestae). Here, even though the gun was discovered during a separate criminal incident, it is relevant because it shows that the handgun was in Bonker's possession only about a week after the robbery. Bonker's possession of the weapon corroborated Williams' testimony that Bonker used it during the armed robbery. Therefore, the discovery of the gun falls into the surrounding circumstances that are part of the res gestae and is admissible at trial. *Brooks v. State*, 199 Ga. App. at 526. Thus, it was properly within the discretion of the trial court to admit into evidence. See id.

Bonker's trial counsel testified at the motion for a new trial that he chose not to pursue a motion in limine because the gun was coming into evidence and he would rather the jury know that Bonker came into possession of the handgun while intoxicated, rather than to speculate that "it was for something more serious." Given counsel's testimony, the trial court was authorized to find that counsel's decision not to object to the evidence surrounding the gun's discovery was a matter of reasonable strategy and not so "patently unreasonable that no competent attorney would have chosen [it]." (Citations omitted.) *Kilpatrick v. State*, 252 Ga. App. at 902. Finally, even if counsel's failure to request a limiting instruction could be construed as deficient performance, we cannot say that the lack of a limiting instruction prejudiced him. Evidence of public drunkenness is not so prejudicial that it would have swayed the jurors to convict. Moreover, the evidence of Bonker's guilt was overwhelming. His accomplice and an eyewitness both identified him as the robber, his flight to Missouri provided an inference of his guilt, and he was found in possession of the handgun used in the robbery.

Consequently, given this evidence, the trial court did not err in denying Bonker's motion for a new trial on the ground of ineffective assistance of trial counsel. *Kilpatrick v. State*, 252 Ga. App. at 903.
*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 9, 2009.

*Carl J. Spence*, for appellant.
*Lee Darragh, District Attorney, Juliet Aldridge, Assistant District Attorney*, for appellee.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).