A10A1049. MASSEY v. THE STATE.

(702 SE2d 34)

POPE, Senior Appellate Judge.

Following a jury trial, Dwight David Massey was convicted of burglary and obstruction of an officer. He argues on appeal that the trial court erred by admitting evidence of his prior convictions and by failing to give the jury a limiting instruction upon the admission of the prior convictions. He further argues that his trial counsel was ineffective. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict to determine only whether a rational trier of fact could have found the defendant guilty of the crimes charged beyond a reasonable doubt. See *Clark v. State*, 289 Ga. App. 612, 613 (658 SE2d 190) (2008). So construed, the evidence presented at trial showed that at approximately 11:00 p.m. on April 11, 2007, the victim, who was in her bedroom with her sleeping husband and six-month-old son, heard noises outside her bedroom door. When she opened the bedroom door, Massey was standing in her apartment immediately in front of her. She screamed, and Massey grabbed her laptop computer from a nearby desk and ran out the front door. He left behind a bag containing several bottles of beer. The victim speculated that the front door to her apartment had inadvertently been left unlocked.

The victim called 911 to report the crime. She gave the operator a physical description of both the perpetrator and his clothing, which was then relayed to law enforcement officers in a "be-on-the-lookout" advisory. Shortly thereafter, an undercover officer working near the victim's neighborhood spotted Massey, whose physical appearance and clothing matched the description relayed in the advisory. Massey was carrying a laptop computer tucked under his arm. The undercover officer notified two marked patrol officers, who then located and pulled up next to Massey in an effort to speak to

him. Prior to any words being exchanged, Massey fled into the wood line and ran onto the adjoining railroad tracks. The undercover officer observed the events, but did not reveal his identity.

One of the marked officers pursued Massey on foot and the other proceeded to the railroad crossing where she anticipated Massey would exit the wood line. As they ran, the pursuing officer heard Massey throw the computer onto the rocky terrain. Massey was ultimately caught as he exited the wood line, but he resisted the officers as they attempted to handcuff him. At some point during the arrest, Massey stated to one of the officers that he would "take the obstruction for running and for resisting, but [he would] not tak[e] a burglary charge" because the state could not "show forced entry."

Massey was then transported to the victim's apartment, where she "definitely" and "absolutely" identified him as the perpetrator. The identification was made less than 30 minutes after the crime. The victim also identified the computer discarded by Massey as the one that had been taken from her apartment. Finally, the victim identified Massey in court after explaining that she had "look[ed] straight at him" and had "got[ten] a really good look" at him as he stood immediately in front of her in a well-lit room on the night of the crime. The jury also heard testimony from the undercover officer who initially located Massey, both of the marked officers who participated in his arrest, the officer who was with the victim when she identified Massey immediately after the crime, and a recording of the 911 call in which the victim described the perpetrator and her encounter with him.

1. Although not enumerated as error, the above-stated facts are sufficient to sustain Massey's conviction on burglary and resisting an officer beyond a reasonable doubt. OCGA §§ 16-7-1 (a) ("A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another[.]"); 16-10-24 (a) ("[A] person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor."). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Massey argues that his character was improperly placed into issue by the admission of his prior convictions for burglary and false statements. Although the state had originally filed a notice of its intent to use the prior convictions, the notice was withdrawn when the state was unable to procure the necessary witnesses for their admission. Massey, who testified in his own defense, was warned prior to taking the stand that, although the state had not introduced the prior convictions in its case-in-chief, the state could impeach him using evidence of the past convictions.

(a) As to the prior burglary, Massey was the first to testify about the conviction, and thus documentary evidence of that prior crime was merely cumulative of the evidence that Massey himself introduced. See generally *Whitt v. State*, 257 Ga. 8 (2) (a) (354 SE2d 116) (1987); *Newton v. State*, 296 Ga. App. 332, 337-338 (4) (674 SE2d 379) (2009); *Wilkes v. State*, 221 Ga. App. 390, 393 (3) (471 SE2d 332) (1996); *Brown v. State*, 193 Ga. App. 26, 27-28 (4) (386 SE2d 903) (1989). Massey even admitted during the new trial hearing that he did so intentionally as a matter of strategy. It follows that he cannot be heard to complain when the state merely followed up on an issue that he had injected into the case. See id.

(b) The prior false statement conviction, on the other hand, was admitted by the state to impeach Massey's direct testimony. Massey testified that the burglary victim was actually a drug addict who, along with her prostitute friend, was seeking to trade the laptop computer for drugs. According to Massey, although he refused to make the trade, another drug dealer did so and then discarded the computer near the railroad tracks. Massey claimed to be an innocent bystander who was wrongly apprehended as he unknowingly walked where the computer had been thrown.

Following Massey's recitation of events, the state impeached his testimony pursuant to OCGA § 24-9-84.1 (a) (3)[1] by introducing a certified copy of his prior conviction for making a false statement. The date of the prior conviction was July 17, 1998. Massey objected, arguing that the conviction was overly prejudicial and inadmissible under OCGA § 24-9-84.1 (b), which governs the use of prior convictions that are remote in time:

> Evidence of a conviction . . . is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the . . . defendant from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. . . .

Although the date of the instant burglary was within ten years of the date that Massey was released from confinement for the prior conviction, the date of the trial itself fell outside of the ten-year window. Noting that the Code is silent as to whether the ten-year

---

[1] OCGA § 24-9-84.1 (a) (3) provides that, for the purpose of attacking the credibility of a testifying defendant, "[e]vidence that . . . the defendant has been convicted of a crime shall be admitted if it involved dishonesty or making a false statement[.]"

time period is calculated using the date of the later crime or the date of the trial for that crime, the trial court used the date of the burglary and admitted the prior conviction without first conducting a balancing test. Massey argues that the trial court erred in concluding that the conviction fell within the ten-year window provided in OCGA § 24-9-84.1 (b), and consequently erred in admitting the evidence without finding that the probative value of the evidence substantially outweighed the prejudicial effect.

We need not reach the issue of whether the trial court correctly determined that Massey's false statement conviction was within ten years of the instant crime as contemplated by OCGA § 24-9-84.1 (b) because, even assuming that the prior conviction was wrongly admitted, the error was harmless in light of the overwhelming evidence of Massey's guilt. Massey stood face to face with the victim, who positively identified him as the perpetrator shortly after the burglary. Massey was further identified in court by both the victim and each of the officers who observed, chased, and/or arrested him on the night of the crime. Massey was located near the crime scene in possession of the victim's computer, wearing clothing that had been described by the victim. He immediately fled upon seeing the law enforcement officers and made incriminating statements upon his arrest. Under these circumstances, it is highly probable that evidence of the prior conviction did not contribute to the guilty verdict. See *Lawrence v. State*, 305 Ga. App. 199, 202-203 (3) (699 SE2d 406) (2010); *Rucker v. State*, 304 Ga. App. 184, 186-187 (2) (a) (695 SE2d 711) (2010); *Williams v. State*, 295 Ga. App. 249, 250-252 (1) (671 SE2d 268) (2008).[2]

3. Massey further contends that the trial court erred by failing to give the jury an instruction that limited the jury's consideration of the prior convictions to the issue of impeachment. The record shows that Massey failed to request that the trial court give the limiting instruction and otherwise failed to object to the charges as given. In the absence of such a request, the trial court had no obligation to give an instruction on its own motion. See *Phillips v. State*, 285 Ga. 213, 217 (4) (675 SE2d 1) (2009); *State v. Byrd*, 255 Ga. 665, 666-668 (341 SE2d 455) (1986); *Stephens v. State*, 144 Ga. App. 779, 780 (2) (242

---

[2] Massey's assertion that the state failed to notify him of its intent to use the prior convictions is belied by the record. Not only did the state file and serve on Massey well before trial a notice of its intent to use the prior crimes, but the trial court, the state, and Massey's counsel warned Massey that he could be subject to impeachment using the prior crimes before he decided to testify. Regardless, the notice requirement set forth in Uniform Superior Court Rule 31.3 does not render impeachment evidence inadmissible. See *Newton*, 296 Ga. App. at 338 (4).

SE2d 371) (1978). See also *State v. Hinson*, 269 Ga. 862 (506 SE2d 870) (1998); *State v. Belt*, 269 Ga. 763, 764 (505 SE2d 1) (1998).

4. Finally, Massey asserts that his trial counsel rendered ineffective assistance.

> To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

(Footnote omitted.) *Smith v. State*, 304 Ga. App. 155, 155-156 (3) (695 SE2d 679) (2010). See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The failure to show either prong is fatal to appellant's ineffectiveness claim. *Mosley v. State*, 296 Ga. App. 746, 749 (2) (675 SE2d 607) (2009).

(a) Massey first argues that his trial counsel's failure to request a limiting instruction upon the admission of Massey's prior convictions, as set forth in Division 3, rendered his counsel's performance deficient. Massey's counsel testified at the motion for new trial hearing that his failure to do so was not a matter of trial strategy, but was instead due to an apparent oversight.

Even assuming that Massey's counsel was deficient in failing to request an instruction that the jury confine its consideration of the prior convictions for the limited purpose of impeachment, Massey has not established reversible error. Given the overwhelming evidence in this case, it is highly probable that any failure to give the limiting instruction did not contribute to the guilty verdict and was therefore harmless. See *Higginbotham v. State*, 287 Ga. 187, 191 (5) (b) (695 SE2d 210) (2010); *Varner v. State*, 285 Ga. 300, 301-302 (3) (a) (676 SE2d 189) (2009); *Bonker v. State*, 298 Ga. App. 867, 869 (681 SE2d 256) (2009).

(b) Massey further argues that his trial counsel was deficient in failing to adequately redact the state's exhibit related to his false statement conviction, which consisted of a certified copy of the indictment, guilty plea, and sentence. Massey contends that the exhibit contained inadmissible, prejudicial information. Although his counsel requested that a recidivist count with which Massey was charged be redacted from the exhibit, the other crimes in the indictment, including forgery, remained in the exhibit. A handwritten note on the sentencing sheet also referenced the fact that the state had waived the recidivist count.

Again, even assuming that the extraneous information contained in the exhibit should have been redacted, Massey cannot

prove that he was prejudiced by its admission. In light of the overwhelming evidence of Massey's guilt in this case, we simply cannot conclude that a reasonable probability exists that allegations related to a 1998 conviction would have had any impact on the outcome of Massey's trial. See *Johnson v. State*, 263 Ga. App. 443, 447 (2) (587 SE2d 775) (2003); *Zinnamon v. State*, 261 Ga. App. 170, 173-174 (2) (b) (582 SE2d 146) (2003); *Stewart v. State*, 220 Ga. App. 295, 295-296 (2) (469 SE2d 424) (1996).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 23, 2010.

*Steven L. Sparger*, for appellant.
*Larry Chisolm, District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.